Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 If the admission of Fant to plaintiffs, and the evidence of Keene, are insufficient to raise a
 
 •primd facie
 
 presumption of partnership, then Keene’s declarations on that subject were inadmissible, and the court was right in its instruction to the jury. If it was sufficient for that purpose then it was erronéous, and the evidence here offered of Keene’s statements to plaintiffs was improperly excluded.
 

 The case rests after all on the question whether in Fant’s declaration to the plaintiffs and Keene’s deposition there was evidence of a partnership on which a verdict for plaintiff' could have been sustained.
 

 We have been favored by counsel with a reference, very learned and very exhaustive, to the authorities on the question of how far or when a participation in the profits subjects a party to the liability of a partner to third persons. And it must be confessed that some of the discriminations, where profits are used as compensation for definite services, are very nice.
 

 We do not think that a close examination into these is necessary in this case. According to Keene’s testimony there was clearly no contract binding him to divide the profits with Fant. He says the promise was entirely vol
 
 *120
 
 untary, and that no portion of the profits was mentioned. By voluntary he undoubtedly means that it was not a part of the agreement by which he obtained the money, but a gratuitous promise to reward his friendship if he succeeded in his venture.
 

 Fant’s statement to the plaintiff", as detailed by the latter, differs but very little from this. As a compensation for obtaining the loan, he says that Keene agreed to allow him a part of the profits, but how much or what proportion, or whether it was a definite sum to be paid out of the profits, or a proportionate part of the profits, is not shown.
 

 If one of the most approved criteria of the existence of the partnership in such cases be applied to this, namely, the right to compel an account of profits in equity, the evidence totally fails. In a suit for that purpose, founded on this precise statement, no chancellor would hesitate to dismiss the bill.
 

 But we are pressed with the proposition that it was for the jury to decide this question, because the testimony received and offered had some tendency to establish a participation in the profits, and the question of liability under such circumstances should have been submitted to them, with such declarations of what constitutes a partnership as would enable them to decide correctly.
 

 No doub't there are decisions to be found which go a long way to hold that if there is the slightest tendency in any part of the evidence to support plaintiff’s case it must be submitted to the jury, and in the present case, if the court had so submitted it, with proper instructions, it would be difficult to say that it would have been an error of which the defendant could have complained here.
 

 • But, as was said by this court in the case of the
 
 Improvement Company
 
 v.
 
 Munson
 

 *
 

 recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no
 
 *121
 
 evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the
 
 onus
 
 of proof is imposed.
 

 The English cases there cited fully sustain the proposition,
 
 *
 
 and the decisions of this court have generally been to the same effect.
 

 In the case of
 
 Parks
 
 v. Ross,
 
 †
 
 this court held that the practice of granting an instruction like the present had superseded the ancient practice of demurrer to evidence, and that it answered the same purpose and should be tested by the same rules; and in that case it said the question for the consideration of the court was whether the evidence submitted was sufficient to authorize the jury in finding the contract set up by plaintiff And in
 
 Sehuchardt
 
 v.
 
 Allens,
 

 ‡
 

 this case is referred to as establishing the doctrine that if the evidence be not sufficient to warrant a recovery, it is the duty of the court to instruct the jury accordingly.
 

 In the case of
 
 Pawling
 
 v.
 
 The United Slates,
 

 §
 

 the court, by Marshall, C. J., said: “The general doctrine on a demurrer to evidence has been correctly stated at the bar. The party demurring admits the truth of the testimony to which he demurs, and also those conclusions of fact which a jury may fairly draw from that testimony. Forced and violent inferences he does not admit, but the testimony is to be taken most strongly against him, and such conclusions as a jury might justifiably draw the court ought to draw.”
 

 It is the duty of a court in its relation to the jury to protect parties from unjust verdicts arising from ignorance of the rules of law and of evidence, from impulse of passion or prejudice, or from any other violation of his lawful rights in the conduct of a trial. This is done by making plain to them the issues they are to try, by admitting only such evidence as is proper in these issues, and rejecting all else; by
 
 *122
 
 instructing them in the rules of law by which that evidence is to be examined and applied, and finally, when necessary, by setting aside a verdict which is unsupported by'evidence or contrary to law.
 

 In the discharge of this duty it is the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor. Not whether on all the evidence the preponderating weight is in his favor, that is the business of the jury, but conceding to all the evidence offered the greatest probative force which according to the law of evidence it is fairly entitled to, is it sufficient to justify a verdict? If it does not, then it is the duty of the court after a verdict to set it aside and grant a new trial. Must the court go through the idle ceremony in such a case of submitting to the jury the testimony on which plaintiff relies, when it is clear to the judicial mind that if the jury should find a verdict in favor of plaintiff that verdict would be set aside and a new trial had? Such a proposition is absui’d, and accordingly we hold the true principle to be, that if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff' the court should say so to the jury. In such case the party can submit to a nonsuit and try his case again if he can strengthen it, except where the local law forbids a non-suit at that stage of the trial, or if he has done his best he must abide the judgment of the court, subject to a right of review, whether he has made such a case as ought to be submitted to the jury; such a case as a jury might justifiably find for him a verdict.
 

 Tested by these principles we are of opinion the Circuit Court ruled well. If plaintiffs had secured a verdict on the testimony before us we think that court ought to have set it aside as not being warranted by the evidence. It is not possible with any just regard to the principles of law as to partnership, and the rules of evidence as applied to this tes
 
 *123
 
 timony, to come fairly and reasonably to the conclusion tliat Fant was Keene’s partner in this transaction.
 

 Judgment affirmed.
 

 *
 

 14
 
 Wallace,
 
 448.
 

 *
 

 See Jewell
 
 v.
 
 Parr, 13 C. B. 916; Toomey
 
 v.
 
 L. & B. Railway Co., 3 C. B. (N. S.), 146; Ryder
 
 v.
 
 Wombwell, 4 Law Reports, Exeh. 33.
 

 †
 

 11 Howard, 362.
 

 ‡
 

 1 Wallace, 359.
 

 §
 

 4 Craneh, 219; see also Bank of the United States
 
 v.
 
 Smith, 11 Wheaton, 171.