## RAILROAD COMPANY *v.* WHITE.

Where, upon an examination of the whole record of a civil suit or proceeding, it appears that the opinions of the judges of the Circuit Court were not actually opposed upon any question of law material to the determination of the cause, and the amount in controversy is not sufficient to give this court jurisdiction, the writ of error will be dismissed, even though a disagreement in opinion be certified in form.

ERROR to the Circuit Court of the United States for the District of Colorado.

The facts are stated in the opinion of the court.

*Mr. H. M. Teller* for the plaintiff in error.
*Mr. John Q. Charles, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought by the Colorado Central Railroad Company, the defendant below, to reverse a judgment against it for less than $5,000. The record shows that after a verdict in favor of the plaintiff below the defendant moved for a new trial; and on that motion the question arose, whether, "under the facts and circumstances shown in evidence," a certain instruction of the court to the jury "was or was not erroneous." The record then proceeds as follows: "On which question the opinions of the judges were opposed, and final judgment entered on a verdict for the plaintiff. Whereupon, on motion of the defendants, by its counsel, that the point on which the disagreement so happened may, during the term, be stated under the direction of the judges, and certified under the seal of the court to the Supreme Court to be finally decided, it is ordered that the foregoing statement of the pleadings and the facts, which is made under the direction of the judges, be certified according to the request of the defendant, by its counsel, and the law in that case made and provided." The certificate thus ordered is signed by the circuit judge and the district judge. As the law now stands, if the judges in the Circuit Court disagree, a judgment must be entered in accordance with the opinion of the presiding judge, who, in this

case, was the circuit judge. Rev. Stat., sect. 650. If he had been of the opinion that the instruction was wrong, the order necessarily would have been in favor of granting a new trial. Because the new trial was not granted, therefore, we must conclude that he thought the instruction right. To bring about a disagreement under these circumstances, the district judge must have held that the instruction was wrong; but, instead of that, we find his opinion in the record, apparently delivered in disposing of the motion for a new trial, in which he maintains with much force the correctness of the instruction.

In view of these facts, as the amount in dispute is less than our jurisdiction requires, we must decline to take cognizance of the case. If the judges below are not able to agree upon the decision of any question of law which is material to the determination of a cause presented to them, our jurisdiction may be invoked to settle the differences; but in such cases, if it appears upon an examination of the whole record that no such disagreement actually existed, we ought not to consider the question, even though it may be certified in form.

*Writ dismissed.*