### ARTHUR v. JACOBY.

1. A. imported certain pictures painted by hand on porcelain.  When they are framed or in any manner set, the porcelain, which, being manufactured only as a ground upon which to obtain a good surface to paint, and not for any independent use, is obscured from view, constitutes of itself no article of chinaware, and forms no material part of their value.  *Held,* that they are subject to the duty of ten per cent *ad valorem* prescribed by schedule M of sect. 2504 of the Revised Statutes, as paintings not otherwise provided for.

2. Where the bill of exceptions sets forth all the facts, and states that they were proved, this court, if the law arising upon them is for the plaintiff, will not reverse the judgment, because a peremptory instruction was given to return a verdict in his favor.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error.

*Mr. Lewis Sanders* and *Mr. George N. Sanders, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit to recover back duties paid under protest. The bill of exceptions stated it was proven at the trial that all the goods charged with the duties were " pictures painted by hand, and their value depended on the skill of the particular artist who painted them, and the porcelain ground on which they were painted was only used to obtain a good surface on which to paint, and was entirely obscured from view when framed or set in any manner, and formed no material part of the value of said painting on porcelain, and did not in itself constitute an article of chinaware, being manufactured simply as a ground for the painting, and not for any use independent of the paintings." The collector exacted a duty of fifty per cent *ad valorem* under the clause in schedule B, sect. 2504, Revised Statutes, relating to " china, porcelain, and parian ware, gilded, ornamented, or decorated in any manner," while the importer claims they were dutiable at ten per cent *ad valorem* only, under the clause in schedule M, which embraces " paintings and statuary not otherwise provided for." In other words, the collector claimed they were decorated china or porcelain ware, and the importer that they were paintings on china or porcelain. The evidence seems to have left no doubt on this subject, for it is expressly stated in the bill of exceptions to have been proved that the porcelain ground on which the painting was done " did not in itself constitute an article of chinaware." Such being the case, the painting which was done on it did not make it decorated chinaware. Confessedly the goods were paintings done by hand, and as it is not claimed they were " otherwise provided for " than as chinaware decorated, it follows the court was right in directing a verdict in favor of the importer for the difference between ten and fifty per cent. It is a matter of no importance in this case that the colors used were metallic, and that the pictures were baked to make the colors more firm. If the jury had found a verdict in favor of the defendant, the court should have set it aside as against what is admitted to have been proved. Under such circumstances a judgment will not be reversed on account of a positive instruction to find for the plaintiff. *Pleasants* v. *Fant*, 22 Wall. 116.

As the bill of exceptions states that the facts on which the case depends were proved, we cannot say that the admission in evidence of samples of "similar" importations on which duties had been paid at ten per cent could have prejudiced the collector's case.   The question which the court decided was, that the goods were not chinaware, but paintings.

*Judgment affirmed.*