SINGER MANUF'G Co. v. HESTER and others.

*(Circuit Court, W. D. Missouri, W. D.  ———, 1881.)*

1. SEWING MACHINE AGENT'S BONDS—CONSTRUCTION OF CONTEMPORA-
   NEOUS WRITINGS.

   Where there is nothing in the bond or the contract of agency to
   show that the two instruments were to be taken as part of the same
   transaction, and both instruments can stand together and have full
   effect, parol proof cannot be introduced to limit the liabilities of the
   sureties in the bonds to transactions growing out of the agent's em-
   ployment under the particular contract alone.

2. RELEASE OF BOND BY AGENT.

   The expression of opinion by an agent of the plaintiffs that the exe-
   cution of a new agreement between the principal and agent, by which
   the character of the employment was changed, released the sureties,
   did not amount to a contract of release, in the absence of any authority
   ity to make such a contract.

Submitted upon Motion for New Trial.

Action was brought upon a bond executed by defendants to
plaintiff in the penal sum of $2,000, dated the fifteenth of
May, 1872, and conditioned as follows: "The condition of
the above obligation is such that if the above-bounden Joel
Hester, Levi Oren, M. Saville, and Zimri Hester, their heirs,
executors, or administrators, shall well and truly pay, or
cause to be paid, every indebtedness or liability now existing,
or which may hereafter in any manner exist, or be incurred,
on the part of said Joel Hester to the said Singer Manufac-
turing Company, whether such indebtedness or liability shall
exist in the shape of book-accounts, notes, renewals, or ex-
tension of notes or accounts, acceptances, indorsements, or
otherwise, (hereby waiving presentments for payment, notice
of non-payment, protest and notice of protest, and diligence
upon all notes now or hereafter indorsed, transferred, guar-
antied, or assigned by the said Joel Hester to the said Singer
Manufacturing Company,) then this obligation to be void,
but otherwise to remain in full force and effect."

The petition alleges a breach of the condition of the bond,
in that defendant Joel Hester did contract certain debts to

plaintiff, which he failed to pay. The answer and amended answer allege that on the sixteenth day of May, 1872, the plaintiff and defendant Joel Hester entered into a written agreement by which said Hester was appointed agent for plaintiff for the sale of sewing machines in and for the county of Holt, in the state of Missouri, said machines to be purchased of the company at Chicago, at a discount of 30 per cent. from Chicago retail prices, and to be paid for in notes payable not more than six months from their date; that said agreement was the only consideration for the execution of the bond sued on, and was part of the same transaction. It is further alleged that on the first day of May, 1873, there was a settlement between the company and its said agent under the agreement aforesaid, and that said agreement was cancelled; and on the said first day of May, 1873, a duly-authorized agent of said company made and entered into a new and different agreement with Joel Hester, again appointing him agent for said company for said county, and by this second agreement the machines were to be consigned to the agent, and not sold to him, (as under the former agreement;) that the second agreement greatly changed, altered, and increased the agent's duties, the terms of the payments and liabilities, without the consent of the sureties on said bond, whereby they were released.

These several agreements are set out in full in the answer. To the original answer, which embodied the foregoing allegations, a demurrer was interposed by plaintiff, and the same was sustained by the court. Therefore the defendant answered further as follows: "And for further defence defendants say that on the first day of May, 1873, said plaintiff and said defendant Joel Hester entered into a new agreement with respect to the matters contained in the writing obligatory set out in plaintiff's petition, and that, in consideration of said new agreement, and that defendant Joel Hester would execute and enter into the same, the plaintiff agreed to and did release defendants from any further liability on said writing obligatory, and did then and there terminate and rescind the same; and defendants aver that no part of the indebtedness

of said Joel Hester to plaintiff was contracted before the said writing was rescinded.

Upon this allegation issue was joined, and, after the testimony was all in on both sides, the court instructed the jury to find for plaintiff. A motion is now made for a new trial upon the ground that the demurrer to the original answer was improperly sustained, and upon the further ground that the issue joined upon the amendment above quoted should have been left to the jury. This motion has been considered by the full bench, at the request of Judge Krekel, who presided at the trial.

*Botsford & Williams* and *Mack J. Leaming,* for plaintiff.

*L. H. Waters* and *James Limbird,* for defendants.

McCRARY, C. J. 1. It is insisted that the bond sued on, and the original contract by which defendant Joel Hester was appointed as agent for plaintiff to sell sewing machines, were entered into at one and the same time, and are parts of the same transaction, and that therefore they should be construed together as constituting one contract, and it is said that, being so construed, the liability of the obligors upon the bond should be limited to the transactions embraced within the contract. That the two instruments were intended to be and were parts of the same transaction, does not appear from anything contained in either. So far as we can gather from the contents of the papers themselves, they were separate, distinct, and independent. It is more than doubtful whether, in such a case, it can be shown by parol that the parties intended anything more or less than appears from the terms of the writing. If, however, it were competent in this way to explain this writing, it certainly would be a violation of long-settled rules to admit parol proof to add to or vary the terms of the written instrument, and this was in effect what was attempted. The bond binds the obligors "to pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist, or be incurred, on the part of said Joel Hester to the said the Singer Manufacturing Company." The contract contains nothing to the contrary of this. The effect is, there-

fore, to show by parol that which is in contradiction of the bond, viz.: that it was to secure, not all debts contracted by Hester of any and every kind, past or future, as it plainly says, but only to secure such as might grow out of the contract of agency. To admit such proof would be to vary by parol the terms of a written instrument. *Bush* v. *Bank*, 101 U. S. 93; *Sewing Machine Co.* v. *Webster*, 47 Iowa, 357; *Ins. Co.* v. *Sedgwick*, 110 Mass. 163; *Frank* v. *Edwards*, 8 Exch. 214.

2. Even if we read the two instruments together as one contract, the terms of the bonds are not varied or modified. The two instruments can stand together, and the provisions of each can have full effect. Because in the contract Hester was appointed agent for plaintiff, with certain powers, duties, rights, and liabilities, it does not follow that it was not the purpose to make the bond sufficiently comprehensive in its terms to cover that as well as other transactions. The terms of the bond are too plain to be misunderstood. They are not ambiguous, and, in the absence of an allegation of fraud, accident, or mistake, we must give them effect according to their usual and ordinary acceptation. It follows, from these considerations, that the demurrer to the original answer was properly sustained.

3. It only remains to consider the question whether the instruction given by the court to the jury to find for plaintiff was proper. It is insisted by defendant's counsel that the question whether the plaintiff agreed to rescind the bond in consideration of the execution of the second contract by the agent, Hester, should have been submitted to the jury.

There was testimony tending to show that an agent of plaintiff was present at the time of the execution of the second agreement between the company and Hester, and that he expressed the opinion that the effect of it would be to release the sureties of the bond. There was no testimony tending to show that the agent agreed or stipulated that the sureties should be released, nor was there any testimony tending to show that he had any authority from the company to make such an agreement. The expression by the plain-

tiff's agent of the opinion that the legal effect of the new agreement would be to release the sureties on the bond, did not (especially if not acted upon by the sureties so as to change their legal rights) amount to a release. There was, therefore, no evidence upon which a verdict for the defendants could have been sustained. In such a case an instruction to the jury to find for the plaintiff is proper. *Pleasant v. Faut*, 22 Wall. 116.

The motion for a new trial is overruled.

KREKEL, D. J., concurs.