### RICHARD et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 19, 1899.)

### No. 2,135.

CUSTOMS DUTIES—CLASSIFICATION—PAINTINGS ON TILES.

Articles composed of several tiles put together in rows, their faces forming a surface on which a picture is sketched by free-hand with brown mineral paint prepared with oil or water, which is then fired, and by vitrification made blue, the whole being then framed, were not dutiable as "tiles," under paragraph 94 of the act of 1890 (26 Stat. 570), but were included in the description "paintings, in oils or water colors," contained in paragraph 465 (Id. 602).

This was an application by Richard & Co. for a review of a decision of the board of general appraisers in respect to the classification for duty of certain goods imported by them.

Albert Comstock, for appellants.

Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge. The act of 1890 provides for duties on:

"94. Tiles, and brick, other than fire-brick, not glazed, ornamented, painted, enameled, vitrified, or decorated, twenty-five per centum ad valorem; ornamented, glazed, painted, enameled, vitrified, or decorated, and all encaustic, forty-five per centum ad valorem." 26 Stat. 570.

"100. China, porcelain, parian, bisque, earthen, stone and crockery ware, including placques, ornaments, toys, charms, vases, and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented

in any manner, sixty per centum ad valorem; if plain white, and not ornamented or decorated in any manner, fifty-five per centum 'ad valorem." Id. 571.

"465. Paintings, in oil or water colors, and statuary, not otherwise provided for in this act, fifteen per centum ad valorem." Id. 602.

These articles in question are each composed of several tiles put together in rows, their faces forming a surface on which a picture is sketched by free-hand with brown mineral paint prepared with oil or water, which is fired, and by the vitrification made blue, and framed. They were classified as decorated tiles, under paragraph 94, and assessed at 45 per cent. The appellants protested that they were paintings, under paragraph 465, and should be assessed at only 15 per cent. The board affirmed the classification of the collector. Additional evidence has been taken, from which these facts are made to more clearly appear.

The tiles of paragraph 94 would seem to be those which had remained such, and were capable of use singly, and not manufactures of tiles, or of which they were a component material; and decorated tiles would seem to be the same when each was decorated singly. These pictures had tiles put together for a groundwork, on which they could be fired. They could not be used for tiles, and had become another thing. The picture did not decorate the tiles on which it was painted as such, for they were no longer tiles as such; and, if they had been taken apart, the picture would be broken, and the part on each would not be a decoration, but a fragment of something else. The parts of these pictures that had been tiles before do not, in this view, appear to have been tiles simply, or tiles decorated or painted. These articles do not appear to be ware, and so not any of the specified kinds of ware, nor any of the things included with them, of paragraph 100; and perhaps they are not intended now to be claimed as such, although some others classified with them, but not now in question, were, and all have been treated together in the government's brief. The principal other question is whether they were so paintings in oil or water colors, within paragraph 465, as to sustain the protest. Upon the evidence, they would not appear to have been known in commerce as "oil paintings" or "water-color paintings"; but those are not the words of the statute. If they were in fact paintings in oil or water colors, they might come within the statute, although not commercially known as such, as they were not otherwise provided for in either paragraph 94 or 100, and are not suggested to have been anywhere else. By "oil colors" or "water colors" cannot have been intended colors given by oil or water, but only colors mixed with one or the other for a vehicle. What the color should be, or what from, or what the foundation should be, was not made material; and that it was a mineral color on fireproof backing, and changed by vitrification in firing, would seem to make no difference. Arthur v. Jacoby, 103 U. S. 677. Decision reversed.