UNITED STATES v. RICHARD et al.

(Circuit Court of Appeals, Second Circuit. January 5, 1900.)

No. 82.

CUSTOMS DUTIES—CLASSIFICATION—PAINTED TILES.

Articles composed of tiles, which are put together in rows before being fired, their faces forming a plane surface, on which a picture is painted with brown mineral paint, mixed with oil or water, the tiles being then separated and fired, by which process the color of the painting is changed from brown to blue, and the surface of the tile is glazed, after which the tiles are reassembled and framed, in which condition they are imported, being used in the frames for wall decoration, or removed and set in mantles or wainscoting, are dutiable, under paragraph 94 of the tariff act of 1890, as "tiles glazed, painted or vitrified," and not under paragraph 465, as "paintings in oil or water colors."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, reversing a decision of the

board of general appraisers which sustained a ruling of the collector of the port of New York touching certain pictures on china or porcelain.

Henry C. Platt, for the United States.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importation was made under the tariff act of 1890, and the relevant paragraphs are:

"Par. 94. Tiles and brick, other than fire brick, not glazed, ornamented, painted, enameled, vitrified or decorated, 25 per centum ad valorem; ornamented, glazed, painted, enameled, vitrified or decorated, and all encaustic, 45 per centum ad valorem."

"Par. 100. China, porcelain, parian, bisque, earthen, stone and crockery ware, including placques, ornaments, toys, charms, vases and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, 60 per centum ad valorem; if plain white, and not ornamented or decorated in any manner, 55 per centum ad valorem."

"Par. 465. Paintings in oil or water colors and statuary, not otherwise provided for in this act, 15 per centum ad valorem."

The collector classified the importation in suit under paragraph 94. The importers contend that it should have been classified under paragraph 465.

Precisely what the articles in question are will be apparent from a description of the way in which they are produced. Earthenware tiles, "in the white" and unfired, are assembled together in a single row, or in two or more superimposed rows, so as to make a plane surface. Upon this surface, not by stenciling or other mechanical process, but by freehand painting, there is depicted some landscape or figure or other artistic decoration. The painting is done with what are known as "mineral colours" (vitrifiable colors), and when applied they produce a brown painting on the white surface. The composite surface formed by the several tiles is then broken up, and the tiles are "fired." By this process the color of the painting is changed from brown to blue, and the surface of the tile is glazed, the result being the well-known Holland delft. The several tiles are then reassembled, so as to present the picture which was painted on them, and are framed so as to retain their relative positions to each other. They are imported framed. With the frames on them they are used for wall decoration, and they may be removed from the frames, and set into mantles, or door panels, or wainscoting.

From the above description, it is apparent that each earthenware tile may properly be said to be glazed, painted, and vitrified, and, indeed, may quite fairly be held to be ornamented or decorated; for inspection of the samples shows that the fraction of the entire painting which is found on each tile has made it more ornamental and decorative than it was before. Moreover, if it be assumed that the assembling of these painted and vitrified tiles, in such a way that the aggregation of two or more of them will make up a single picture, constitutes an advance beyond the group of articles known as tiles, nevertheless the importer cannot prevail if the result of such an advance has been merely the production of an earthenware ornament

painted or otherwise decorated. Such painted earthenware would be dutiable, under paragraph 100, at 60 per centum,—a higher rate than that assessed on painted tiles. Whether or not the importations in this case are within the provisions of paragraph 100 need not be decided; it will be sufficient to dispose of the contention presented in the importer's protest, viz. that they are paintings, within the meaning of paragraph 465.

The general subject of duties upon artistic productions was discussed in U. S. v. Perry, 146 U. S. 71, 13 Sup. Ct. 26, 36 L. Ed. 890, and it was there pointed out that the special favor extended by congress in the low rate upon paintings in oil or water colors is accorded only to such productions as are recognized to belong to the domain of high art, and does not cover minor objects of art, intended also for ornamental purposes, such as statuettes, vases, plaques, drawings, etc. Save for the fact that it takes two or more tiles to make up the complete picture, these importations are in no respect different artistically from the painted earthenware plaques which are specifically included in paragraph 100. The plaque is round, the tile straight-sided, but both are of the same material, are painted with the same colors, transformed in the same way by the application of heat, with the same freehand execution, and are used for the same purposes. The circuit court held, and the importer does not seem to dissent from such conclusion, that "upon the evidence [these importations] would not appear to have been known in commerce as oil paintings or water-color paintings." But we are unable to concur in the further conclusion of the circuit court that congress intended paragraph 465 to cover any paintings but such as were known in commerce as "oil paintings" or as "water-color paintings." Undue weight seems to have been given in the opinion below to the circumstance that, presumably for convenience of expression, the words of the statute are so transposed as to read "paintings, in oil or water colors," instead of "oil or water-color paintings." The meaning of both phrases, when read in connection with the rest of the statute, seems to us the same. The decision of the circuit court is reversed.