### AMERMAN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 25, 1900.)

No. 2,980.

1. CUSTOMS DUTIES—CLASSIFICATION—PAINTINGS—ENAMELED EWER AND TRAY
Certain antique mythological paintings of great value and high artistic character, consisting of a ewer and tray made of copper, and enameled by a process not now understood, are not covered by the provision in paragraph 159, Schedule C, § 1. c. 11, Tariff Act July 24, 1897, 30 Stat. 164 (U. S. Comp. St. 1901, p. 1642), for "sheets, plates, wares, or articles of iron, steel, or other metal, enameled or glazed with vitreous glasses," but are dutiable under paragraph 454, Schedule N, § 1, c. 11, of said act, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), as "paintings in oil or water colors."

Appeal by Amerman & Patterson, importers, from a decision of the Board of General Appraisers relating to an importation at the port of New York, where the assessment of duty by the collector of customs was affirmed by reason of the failure of the importers to make what the board considered would be the appropriate contention in their protest.

Hatch & Wickes, for importers.

WHEELER, District Judge. This importation consists of mythological paintings, containing many faces and figures of great beauty, done in very high art by Susanna Court, upon copper, in the form of an ancient ewer and tray, about 350 years ago, and valued at about $14,000. They were assessed at 60 per cent., as decorated china, under paragraph 95, Schedule B, § 1, c. 11, of the act of July 24, 1897, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633). The importers protested that they should be assessed at 20 per cent., under paragraph 454, Schedule N, § 1, c. 11, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), for "paintings in oil or water colors, pastels, pen and ink drawings, and statuary, not specially provided for." The board held that they are specially provided for under paragraph 159, Schedule C, § 1, c. 11, 30 Stat. 164 (U. S. Comp. St. 1901, p. 1642): "Sheets, plates, wares, or articles of iron, steel or other metal, enameled or glazed with vitreous glasses."

The evidence seems to show that, although they were enameled, it was done in a manner not now known, and wholly different from that done with the "vitreous glasses" of or near the date of this tariff act. So this paragraph does not now seem to take them out of paragraph 454 by specially providing for them. A place among these common wares and utensils could hardly have been intended for them. They belong more naturally among the subjects of paragraph 454, as a similar paragraph was construed in U. S. v. Perry, 146 U. S. 71, 13 Sup. Ct. 26, 36 L. Ed. 890. The painting was done in water, according to the testimony of the expert witness on that subject; and historically it was done in water or lavender oil. They would fall within "the fine arts, properly so called, intended solely for ornamental purposes, and including paintings in oil and water, upon canvas, plaster, or other material," as the first class of such works of art is defined in that case. The painted glass windows in that case were held to be taken out of the general provision for paintings by the specific provision for painted glass windows in another place. United States v. Richard, 99 Fed. 268, 39 C. C. A. 504, decided January 5, 1900, in the Circuit Court of Appeals of this circuit, seems to hold that the painted and framed tiles in question there came under a paragraph relating specifically to ornamented tiles, rather than under one relating to paintings in oil or water colors, not otherwise provided for. The materials of these articles are of insignificant value. The great value is due to the skill of the artist, as a painter, in the production and grouping of the colors and giving them a luster. They seem now, as works of high art, to come within paragraph 454, according to the principles of Arthur v. Jacoby, 103 U. S. 677, 26 L. Ed. 454, and U. S. v. Perry, before cited, and without going contrary to the principles of any case.

Decision reversed.