UNITED STATES v. ILLINOIS CENT. R. CO. (Circuit Court of Appeals. Sixth Circuit. October 3, 1911.) No. 2,051. In Error to the District Court of the United States for the Western District of Tennessee. Casey Todd, U. S. Atty. Charles N. Burch, for defendant in error.

PER CURIAM. Judgment of the District Court reversed. See, also, 177 Fed. 801, 101 C. C. A. 15.

---

VICTOR TALKING MACH. CO. v. AMERICAN GRAPHOPHONE COM-PANY et al. (Circuit Court of Appeals, Second Circuit. January 23, 1912. Supplemental Opinion, February 6, 1912). No. 145. Appeal from the Circuit Court of the United States for the Southern District of New York. Horace Pettitt, for appellant. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. In this case an exhaustive brief was submitted by complainant appellant, with full argument by counsel at the hearing. On behalf of defendants appellees there was no brief, no argument, and no statement even why there were none, although two of the three counsel who represented defendants in the court below were present in court during the appellant's argument. It is possible that this may be because the parties to the litigation have settled the controversy between them. In that event this appeal would become a moot case, and the time of this court should not be taken up with its consideration. We shall therefore not take it up, until advised whether or not the controversy has been settled between the parties. If it has not, it would seem that defendants appellees should at least file a brief in support of the decree.

Supplemental Opinion.

PER CURIAM. It now appears that the complainant, since the entry of the decree appealed from, has made an agreement with the defendants, waiving all past damages and profits, and granting a license for the future. Everything is settled, except the demand for injunctive relief, and that is modified by the provision that, although the complainant may, if it elect, prosecute this appeal, "each paying its own costs," still, if it be successful, it must grant a license without further consideration. In view of the provisions of this agreement, and notwithstanding the contentions of the complainant respecting the limitations to be attached to the license, we are not satisfied that any such case of continuing or threatened infringement is presented as to call for the intervention of a court of equity by writ of injunction. The decree is affirmed, without costs, and without passing upon the validity of the patent.

---

YAZOO & M. V. R. CO. et al. v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. December 19, 1911.) No. 2,175. In Error to the District Court of the United States for the Northern District of Mississippi Charles N. Burch and James Stone (Blewett Lee, of counsel), for plaintiffs in error. William D. Frazee, U. S. Atty., and Philip J. Doherty, for the United States. Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The petition contained ten counts for violation of the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]). After hearing the evidence, the court directed a verdict for the plaintiff on all the counts. It is admitted at the bar here that the direction could not be assailed, so far as it related to six of the counts. We have carefully considered the argument and briefs in relation to the other counts, and we are of the opinion that the court was not in error in directing the verdict on them. Pleasants v. Fant, 22 Wall. 116, 122, 22 L. Ed. 780. Affirmed.