## WENCK et al. v. RIGGS NAT. BANK, OF WASHINGTON, D. C.

Court of Appeals of District of Columbia.

Submitted November 8, 1927. Decided December 5, 1927.

No. 4622.

1. Wills ⬤⟿55(1)—Testator of more than ordinary intelligence and independent judgment, prudently managing his business affairs, held, as matter of law, to have testamentary capacity.

In proceeding for probate of will, evidence *held* sufficient to show as matter of law that deceased had sufficient testamentary capacity at time he signed will, where contestants' evidence showed that testator was man of more than ordinary intelligence and independent judgment, prudently managing his own business affairs, who understood terms and effect of will.

2. Wills ⬤⟿439—It is purpose of law to give effect to testator's wishes and intentions.

In probate of will, it is purpose of law to give effect to wishes and intentions of testator.

Appeal from the Supreme Court of the District of Columbia Sitting as a Probate Court.

In the matter of the probate of the will of Samuel H. Wenck, deceased, in which the Riggs National Bank, of Washington, D. C., was named as executor. From a decree admitting the will to probate, Millard F. Wenck, Jr., and others appeal. Affirmed.

G. H. Lamar and J. A. Thompson, both of Washington, D. C., and I. L. Straus, of Baltimore, Md., for appellants.

F. J. Hogan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court admitting to probate and record a certain paper writing dated July 10, 1925, as the valid last will and testament of Samuel H. Wenck, late of the District of Columbia, deceased. The validity of the instrument was denied, and its probate contested by the appellants as caveators, who claimed that the paper writing was not the last will and testament of the decedent; that at the time when the same was subscribed by decedent he was not of sound mind or memory, nor in any respect capable of making a will; and that the execution of the instrument was procured by fraud, coercion, and undue influence exercised upon decedent by some person or persons to the contestants unknown. These issues were put to trial before the jury, and at the close of the caveators' evidence the court directed a verdict sustaining the will, and entered a decree accordingly. This appeal followed.

[1] We are convinced that the action of the lower court was well taken. It is apparent from the record that the will was executed in due compliance with the formal requirements of the statute, and no testimony whatever was offered tending to sustain the charge of fraud, coercion, or undue influence. The sole remaining question, therefore, is that relating to the testamentary capacity of the deceased at the time when he signed the will. We agree with the lower court that the evidence upon this issue justified a directed verdict sustaining the will.

It appears that the testator, when he signed the will, was a widower, without children, and was about 78 years of age; that he had lived for many years at Montclair, N. J., but in the year 1922 had removed to the city of Washington, and made his home with his sister, who was a widow, earning her livelihood in part by keeping lodgers; that on May 5, 1925, testator left his sister's house and took an apartment at the Annapolis Hotel in Washington, and continued to live there until the time of his decease; that the will in question was executed on July 10, 1925, and testator's death occurred on September 24th of the same year.

At the time when the will was executed, and also at the time of testator's decease, he was possessed of personal assets, consisting of stocks, bonds, etc., of the value of about $65,000; he owned no real estate. His next of kin and heirs at law consisted of the sister already referred to, and four certain nieces and nephews, who were the children of a deceased brother of the testator. By the terms of the will testator bequeathed to his sister the sum of $10,000, and to one Miss Kiendl the sum of $5,000, and bequeathed the residue of his estate to the First Congregational Society of Washington, for such purposes as the governing board of that society should determine. The appellee, the Riggs National Bank of Washington, was named as the sole executor of the will. The testator made no provision for any of his nieces and nephews, and they are the sole caveators and contestants of the will.

[2] The record contains testimony tending to prove that in the last several years of his life the testator became more feeble in body and mind; that he was irritable and profane at times, and was less cleanly and careful about his clothing and person than formerly; also that at one or more times he made indecent and immoral proposals to one of his nieces. Several witnesses testified that, from their observation of the testator, they believed him to be of unsound mind at and about the date of the will. This character of evidence, however, was completely refuted by other evidence introduced by the caveators, and when their evidence is considered as a whole it effectually establishes the testamentary capacity of the testator beyond a reasonable doubt.

It appears by caveators' evidence that at and about the date of the will the testator was a man of more than ordinary intelligence and independent judgment, and was prudently managing his own business affairs; that he was keeping careful and accurate accounts of his financial transactions; that he understood the terms and effect of the will, and was fully capable of disposing of his property by will with judgment and understanding. He was a member of the church which is the principal beneficiary under the will, and was deeply interested in a plan to erect a new building for it, and had already contributed $1,000 toward the building fund. The evidence establishes beyond question that the terms of the will express the wishes and intentions of the testator, and it is the purpose of the law to give these effect.

Accordingly, it would have been a mere "idle ceremony" for the trial court to submit the case to the jury for an undirected verdict, and the court was right in directing a verdict for the will. Pleasants v. Fant, 22

Wall, 122, 22 L. Ed. 780; Marion County v. Clark, 94 U. S. 278, 24 L. Ed. 59. The appellants have presented various assignments of error in relation to rulings of the trial court upon questions of procedure, and also respecting the validity of the bequest to the church; but we find no error in the rulings complained of.

The decree of the lower court is affirmed, with costs.