## GREYHOUND LINES, Inc., v. NOLLER.

### No. 4733.

Circuit Court of Appeals, Seventh Circuit.

July 6, 1932.

W. J. MacDonald and T. S. Morgan, both of East St. Louis, Ill., for appellant.

Maurice B. Johnston, of Carlyle, Ill., and James G. Burnside, of Vandalia, Ill., for appellee.

Before SPARKS, PAGE, and ANDERSON, Circuit Judges.

SPARKS, Circuit Judge.

This is an action for personal injuries and property damages sustained in a collision between appellee's automobile and appellant's passenger motor bus, and it is here by reason of diversity of citizenship of the parties.

On the first trial of this cause judgment was rendered for appellee upon the verdict of the jury. On appeal to this court that judgment was reversed on the ground that there was no evidence of appellant's negligence that justified submission of the case to the jury. 36 F.(2d) 443. The facts presented to us on the former appeal are sufficiently set forth in that opinion, and by reference are made a part of this opinion. Upon reversal the cause was remanded to the District Court, where it was again tried before a jury. At the close of all the evidence appellant moved the court to direct a verdict in its favor, which was denied. The cause was sent to the jury, and a verdict returned for appellee in the sum of $5,500. After appellant's motion for a new trial was denied, judgment was rendered for appellee for the amount of the verdict.

All witnesses who testified at the first trial also testified at the last trial, and their evidence at the last trial is substantially the same as at the first. Considering that testimony alone, we are convinced that this court, on the former appeal, properly held that no evidence of appellant's negligence appeared which justified the submission of the case to the jury.

In addition to that testimony appellee produced only two additional witnesses, who testified to the facts leading up to, and descriptive of, the collision; and their testimony is the only evidence introduced at the last trial not presented at the first trial which

can be considered as tending to prove negligence on the part of appellant.

One of those witnesses was Otto C. Pfiffer, the driver of the Oakland coupé. The uncontradicted evidence is that he and his companion were more or less under the influence of intoxicating liquor. He said that he had stopped his car ten or fifteen minutes before the collision because he was out of gasoline, although it is uncontradicted that one of the boys in charge of the bus immediately after the collision drove the Oakland to the next town without replenishing the gasoline. Pfiffer testified that the first time he saw the bus and the Chrysler approaching was by reflection of their lights in his car when they were a mile away, and after that he did not pay a great deal of attention to them; that after his car stopped he got out of it and tried to stop two or three passing cars to have them assist him in getting to the next town; that he saw the bus coming and jumped back into his car, and at that time he did not know whether appellee had passed him or not; that he saw the bus no more until it pulled to the left of the Chrysler immediately preceding the collision, but that he did not see the impact. He said that the bus was traveling at forty-five or fifty miles an hour, and that the only thing he had from which to judge its speed was the sound of its motor. His testimony as to the relative positions of the bus and all other cars involved was very uncertain.

Considering his physical condition, his inattention, his uncertainty of the facts to which he testified, except as to the rate of speed of the bus, his sole means of judging that speed, and his primary liability for the entire transaction, we are convinced that his testimony cannot be considered as substantial evidence in support of the charge of appellant's negligence.

The other additional witness, O. E. Lewis, said that the bus passed his automobile, going in the same direction, one mile west of the railroad crossing, and his car was going forty-five miles an hour. That point, according to the evidence, would be approximately one and three-fourths miles west of the place of collision. He said he did not know whether the bus stopped at the railroad crossing, but he thought it must have done so as he "almost caught up with it" before the collision. He was very uncertain as to details. The uncontradicted evidence is that the bus stopped at the crossing, therefore the rate of speed at which it was traveling west of the crossing is immaterial, otherwise it would amount to proving its rate of speed by appellant's custom, which the law will not permit; or it would amount to presuming that the rate of speed thus established at a point one and three-quarters miles away continued to the place of collision. If that rule could rightfully be applied in cases such as the instant one, which it is not necessary either to admit or deny, it would avail appellee nothing, because, according to the witnesses' own testimony, the continuity of the speed was not maintained.

We are convinced that the additional testimony of Pfiffer and Lewis, considered alone or in connection with all other testimony introduced, does not constitute substantial evidence upon which to base a finding that appellant was guilty of negligence.

We think it is clear that neither appellant nor appellee did anything with relation to the transaction in question which a reasonably prudent person would not have done under the circumstances of the situation, or failed to do anything with respect thereto which a reasonably prudent person would have done under such circumstances.

Judgment reversed.