BIGGIO MATARANI, PLAINTIFF-APPELLANT, v. READING COMPANY, A CORPORATION, DEFENDANT-APPELLEE.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *Charles A. Rooney.*

For the defendant-respondent, *Reger & Smith.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a verdict directed in favor of the defendant in an action brought to recover compensation for injuries suffered while in the defendant's employ in interstate commerce. The basis of the action is the Federal Employers' Liability act. *U. S. C. A. tit.* 45, §§ 51 *et seq.*

It appears that the plaintiff had been employed for many years as a laborer in a section gang at Milton, Pennsylvania. At the time of his injury, he and others were cutting a steel rail. This was done by means of a cold chisel and sledge hammer. Plaintiff's duty was to hold the rail firm by means

of a bar while the chisel was held and struck by employes. His left eye was injured by a chip of steel, probably dislodged from the rail when a blow was struck. Instructions had been given to the men holding the rail that when the block was struck they should have their backs turned to the operation so that dislodged chips of the metal would not cause injury. The plaintiff testified that sometimes a warning was given before the blow was struck; but that at the time of his injury no warning was given. The witnesses called in behalf of the railroad company denied the existence of any such custom. Further, it clearly appears that the plaintiff could have stood with his back turned to the operation with perfect safety. It seems most improbable that those engaged in the arduous task of cutting a steel rail with a cold chisel and sledge hammer would give a warning before striking each blow, when such warning would be unnecessary for the safety of their fellow workers, if they followed the instructions requiring that their face be turned from the place where the blow was to be struck. Knowing that blows were to be struck, there would seem to be no reason to give warning of that which could be observed if the fellow workers looked and which would be harmless, if following instructions, their faces were turned from the point of cutting. Clearly, the proofs did not show that the defendant, or its employes, violated a duty which the defendant directly, or through its employes, owed to the plaintiff. *McGarry* v. *Central Railroad of New Jersey,* 105 *N. J. L.* 590.

"We have had occasion to deal with the matter of assumption of risk in cases where the defense is applicable under the Federal Employers' Liability act, being those in which the injury was caused otherwise than by the violation of some statute enacted to promote the safety of employes. As this case was not one of the latter class, assumption of risk was a defense to which the defendants below were entitled. *Seaboard Air Line Railway* v. *Horton,* 233 *U. S.* 492; *Jacobs* v. *Southern Railway Co.,* 241 *Id.* 229. As to the nature of the risk assumed by an employe in actions brought under the Employers' Liability act, we took occasion to say in

*Chesapeake and Ohio Railway Co.* v. *De Atley,* 241 *Id.* 310, 315: 'According to our decisions, the settled rule is, not that it is the duty of an employe to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employe may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them.' The Federal Employers' Liability act places a co-employe's negligence, when it is the ground of the action, in the same relation as that of the employer upon the matter of assumption of risk. 241 *Id.* 313. See, also, *Chesapeake and Ohio Railway Co.* v. *Proffitt,* 241 *Id.* 462, 468; *Erie Railroad Co.* v. *Purucker,* 244 *Id.* 320." *Chicago, Rock Island and Pacific Railway Co.* v. *Ward,* 252 *Id.* 18, 21.

"In actions under the Federal Employers' Liability act, wherever brought, the rights and obligations of the parties depend upon it and applicable principles of common law as interpreted and applied in the federal courts, without regard to the views of the courts of the state in which action is brought." *Chesapeake and Ohio Railway Co.* v. *Kuhn,* 284 *U. S.* 44. See, also, *McGarry* v. *Central Railroad,* 105 *N. J. L.* 590; *Rossi* v. *Pennsylvania Railroad Co.,* 115 *Id.* 1.

It does not seem that there was sufficient proof of a custom to give a warning that the blow was to be struck. *Runyon* v. *Central Railroad of New Jersey,* 64 *N. J. L.* 67.

"Custom must be clearly proved; and where the evidence is uncertain and contradictory, the custom is not established." 17 *Corp. Jur.* 522.

The evidence to establish a custom should show a certain and uniform usage. Where the evidence is uncertain and contradictory, the custom is not established. *Steward* v. *Scudder,* 24 *N. J. L.* 96; *Cramer & King Co.* v. *National Surety Co.,* 103 *Id.* 83.

"A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule 'that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.' *Schuylkill & D. Improv. & R. Co.* v. *Munson,* 14 *Wall.* 442, 448; 20 *L. Ed.* 867, 872; *Pleasants* v. *Fant,* 22 *Wall.* 116, 122; 22 *L. Ed.* 780, 783." *Gunning* v. *Cooley,* 281 *U. S.* 90, 94. See *Schmid* v. *Haines,* 115 *N. J. L.* 271; *Pellington* v. *Erie, Id.* 589.

"The view that a scintilla or modicum of conflicting evidence, irrespective of the character and measure of that to which it is opposed, necessarily requires a submission to the jury has met with express disapproval in this jurisdiction as in many others." *Small Co.* v. *Lamborn & Co.,* 267 *U. S.* 249, 254.

Appellant relies heavily upon the case of *Kelly* v. *Central Railroad of New Jersey,* 13 *N. J. Mis. R.* 719; 116 *N. J. L.* 410, but in that case there was corroboration of the custom to give warning at the time and place of injury. But here the plaintiff's own vague testimony as to a warning finds no other support. The clear proofs are in fact to the contrary. It was, therefore, the duty of the learned trial judge to direct a verdict for the defendant.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, PERSKIE, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, LLOYD, DONGES, HEHER, DEAR, JJ. 5.