## HOWELL v. FORT WORTH STOCK-YARDS CO.

No. 9277.

Circuit Court of Appeals, Fifth Circuit.

Jan. 3, 1940.

Arthur Lee Moore, of Fort Worth, Tex., for appellant.

G. W. Parker, Jr., of Fort Worth, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover damages for personal injuries. At the close of the evidence a verdict was directed for defendant. All the errors assigned run to that action of the court.

It appears from the record that Howell was an employee of Howell Brothers Commission Co., engaged in selling cattle at the Fort Worth Stockyards, operated by defendant. The yards are divided into pens for cattle. The pens are enclosed by fences 6 to 6½ feet high. Running over the tops of the pens are wooden walks composed of three boards 2 inches thick by 8 inches wide, put there for the purpose of haying the cattle and the convenience of the commission merchants. Also situated on top of the pens are booths used by the commission merchants for telephones and lockers. At a point about 40 feet away from the booth occupied by Howell Brothers Commission Co. an outer plank of one of the walks had rotted, leaving a hole measuring about 1 foot by 8 inches. In the course of his employment, appellant walked along this walk in search of a cattle buyer who had made a bid on a bunch of calves his company had for sale. Returning to the booth he stepped into the hole and was thrown to the ground within a pen and was injured. His testimony shows that the hole had existed for six weeks or a month, he knew about it but had made no complaint. There is some slight variance in his testimony as to the conditions at the particular time of the accident. Part of his testimony tends to show that the hole was then covered by loose hay, carelessly left by employees of the stockyards company in feeding cattle and he did not see it in the sense of being actually conscious of it. Another part tends to show he knew the hole was there and endeavored to avoid it by walking on the middle plank but made a mistake and stepped into the

hole. Defendant had pleaded contributory negligence, which is a complete defense in Texas. It is clear that had the case gone to the jury and a verdict been rendered in favor of plaintiff the judge in the exercise of a sound, judicial discretion would have had to set it aside. It was not error to direct a verdict for defendant. Pleasants v. Fant, 22 Wall. 116, 22 L.Ed. 780; Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S. Ct. 300, 69 L.Ed. 597. Cf. Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10.

The record presents no reversible error. The judgment is affirmed.