PEDER HANSEN v. GAAR, SCOTT and COMPANY.[1]

April 26, 1897.

Nos. 10,396—(42).[2]

**Contract of Sale—Breach of Warranty—Damages—Instructions—Appeal—Assignments of Error.**

Upon the second trial of an action brought to recover damages for an alleged breach of an agreement fully set out in a former opinion of this court, (63 Minn. 94), the court charged the jury that, if plaintiff was entitled to recover, the measure of damages was the difference between the value of the separator as it was when the agreement was entered into and what it would have been had defendant complied with the terms and conditions of such agreement. *Held* that, as an abstract proposition, this part of the charge was correct, and that the court did not err, in the absence of any request that it be explained or enlarged upon, and in the absence of any suggestion by counsel as to any other rule applicable to the facts. *Held*, also, that the correctness of the charge upon this point cannot be questioned under an assignment that the court erred when instructing the jury that the measure of damages was "what the machine would have been worth if it had been as warranted."

**Same.**

Certain other unimportant assignments of error considered, and disposed of.

Appeal by defendant from an order of the district court for Otter Tail county, Baxter, J., denying a new trial after a verdict for plaintiff for $475.66. Affirmed.

The action was one for breach of a contract of warranty in the sale of a thresher and separator. The "November agreement" is given in the opinion upon the former appeal. See 63 Minn. 95.

*John M. Rees*, for appellant.
*Houpt & Baxter* and *Parsons & Brown*, for respondent.

COLLINS, J. On the first trial of this action it was dismissed when plaintiff rested. From an order denying his motion for a new trial an appeal was taken, and a new trial ordered. 63 Minn. 94, 65 N. W. 254. A second trial resulted in a verdict for plaintiff, and from an order refusing to grant defendant's motion for a new trial an ap-

1 Reported in 70 N. W. 853.                    2 April, 1897, term.

peal has been taken. Many of the assignments of error relate to rulings made below in strict accordance with the views expressed in the former opinion, and an attempt has been made in the argument to have the court overrule some of the conclusions there announced. We there held that the consideration was ample for the execution and delivery of what is known as the "November agreement"; that it could be and was made to cover the faults and defects in the separator of which plaintiff complained, well known to him and to defendant's agent who made the settlement, and for the express purpose of covering and including the terms and conditions of the warranty contained in the original contract, which terms and conditions plaintiff insisted had not been fulfilled or complied with.

We also held that plaintiff made out a case for substantial damages, and that, under the circumstances shown at the trial, he was entitled to recover, if at all, the difference in the value of the separator as it was when the November agreement was entered into and what it would have been had it been made to fulfill the warranty as stipulated in such agreement. In so far as the questions involved in the first appeal were discussed and passed upon in the former opinion, the conclusions reached became the law of the case. In addition to this, it is proper to say that nothing has been urged which leads us to doubt the correctness of that decision in every particular. Possibly the statement as to the measure of damages should have been more explicit, but what was said had reference solely to the evidence then before us in an action dismissed when plaintiff rested. It was correct as far as it went, although with different or conflicting evidence as to the defects in, or the value of, the separator, it might be indefinite and insufficient.

We pass to a consideration of other questions raised for the first time on the present appeal. It was stipulated in the November agreement that plaintiff should give to defendant sufficient notice of his intention to open the threshing season in the fall of 1893, so that the latter could have an expert in attendance. The point is made that reasonable notice was not given, but it is without merit. Notice was given that plaintiff would be ready to start on the 22nd of August, and, using the language of defendant's counsel as found in his brief,

"In compliance with that notice, an expert came from the company's

factory at Richmond, and was present there on August 22, and ready to perform the company's whole contract, but Hansen was not ready."

It is obvious from this that defendant was given sufficient notice, for it sent an expert to plaintiff's residence for the purpose of putting the separator in proper condition. The fact was, as appeared from the evidence, that on the day of the arrival of the expert the rain prevented the starting of the threshing machinery. The expert made some slight changes in the separator, and went away on the same day. He did not return, nor did defendant make any further attempt to comply with the terms of the agreement, although its local agent at Fergus Falls, through whom plaintiff ordered the machinery, was twice requested, within a few days after the departure of the expert, to take the separator in hand, and to put it in shape to fulfill the contract. As to this condition defendant was completely in default.

It is also urged that defendant's agent, who, in its behalf, entered into the November agreement, exceeded his authority and that defendant was under no obligation to perform the contract. We need not discuss the question of original authority on the part of the agent, for evidence of a subsequent ratification by defendant is abundant. Not only did defendant respond to plaintiff's notice to send an expert for the express purpose of performing the November agreement, but there was evidence of other acts tending to establish ratification thereof.

Error is assigned to certain testimony introduced by plaintiff over defendant's objection, and tending to show that the separator failed to do good work in the fall of 1892, prior to the execution and delivery of the compromise agreement. Evidence of this character was relevant, and admissible for the purpose of showing that the original warranty, and consequently the conditions of the November agreement, were not complied with, and also that plaintiff's claim upon which the compromise was based was made in good faith. The assignments of error in respect to the admissibility of this class of proof were wholly covered by the former opinion.

It is further argued that the jury was erroneously instructed as to the measure of damages. Following what was said on this subject when the case was here before, the court instructed the jury that, if plaintiff was entitled to recover, the amount of such recovery was the difference between the value of the separator as it was when the No-

vember agreement was entered into and what it would have been had defendant complied with the terms and conditions of that agreement. As an abstract statement, this was correct, and defendant, as well as plaintiff, had introduced evidence at the trial with reference to this rule. At no time did defendant's counsel suggest any other rule for the ascertainment of damages, nor did he request that the charge on this point be explained or enlarged upon; nor did he question its absolute correctness and sufficiency in every respect, until an exception was taken to that part of "the court's charge in relation to the measure of damages." But, in any event, there is no assignment of error which reaches this point now made by counsel. The only assignment bearing upon it is that the court erred when instructing the jury "that the measure of damages was what the machine would have been worth if it had been as warranted." There was no such instruction.

We find no error occurring upon the trial, and the order is affirmed.