## THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. MILES TOOMEY.

### No. 166.

1. DEMURRER TO EVIDENCE—*will be overruled unless evidence utterly fails on some material issue.* Before a demurrer will be sustained to the evidence, the trial court must be able to say: "Admitting every fact that is proved which is favorable to the plaintiff, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the plaintiff, still, the plaintiff has utterly failed to make out some one or more of the material facts of his case." *Brown, Adm'r, v. A. T. & S. F. Rld. Co.,* 31 Kan. 1.

2. INSTRUCTIONS—*given and those refused examined.* The instructions refused and the instructions given by the court set forth; *held,* that the instructions given are correct in point of law and applicable to the issues and facts presented by the pleadings and evidence, and, considered as an entirety, they sufficiently cover the instructions refused so far as they apply to the facts in this case.

3. VERDICT NOT ORDERED—*if testimony sustains each material issue.* A jury should not be directed to return a verdict for the defendant, when in the judgment of the trial court the plaintiff, according to the rules of evidence, has produced sufficient testimony, admitting its truth and drawing from it all the inferences that reasonably can be drawn from it, that the jury might reasonably find a verdict for the plaintiff.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed July 31, 1897. *Affirmed.*

Miles Toomey, plaintiff below, filed his petition in the District Court of Crawford County, alleging in substance that he was employed by defendant — plaintiff in error — as a switchman, to work at night; that on November 19, 1890, in the nighttime, at a point on the main line of defendant's road, about one mile east of the city of Litchfield, and while riding on what is commonly known as the foot-board of a switch engine and tender, he was injured.

" Plaintiff further avers that the foot-board of said engine was defective in this : that the end thereof at the right-hand side of the engine — as it was going east — was much lower than at the other side of said engine ; that said foot-board slanted downward from said engine and tender, when it should have been level in all directions ; that one end of said foot-board — the end on the right hand of said engine and tender as it was going east — had theretofore been shoved partly under the end of said tender, and was then in said condition.

" That the track of said defendant's road was defective in this : that a short distance east of the place where the Atchison, Topeka & Santa Fe railroad crosses defendant's road, in the eastern portion of said city, the ends of some of the rails were mashed down so that it became and was unsafe for engines and cars to pass thereover ; that said defendant in the exercise of reasonable care could have known, and in fact did know, the defective condition of said engine, and of said railway track, as above stated ; that the condition thereof was wholly unknown to this plaintiff. . . . While plaintiff was so standing on the south end of said defective foot-board of said tender, the wheels of said engine and tender struck a place where the ends of said defendant's railway tracks were mashed down, causing said engine to bounce upward and come violently down upon said track ; that by reason of said defects in said track and said defective condition of said foot-board, as hereinbefore set forth, plaintiff's

412      RAILWAY CO. v. TOOMEY.

S. Dept.          Opinion. Schoonover, J.          6 Kan. App.

feet were thrown from said foot-board, his right foot caught on a tie, and by reason of the forward motion of said engine, both bones of his right leg were broken about three inches above his ankle joint; that said injuries so sustained by plaintiff were the direct result of the negligence of the defendant, as hereinbefore set forth; that plaintiff was free from fault or negligence on his part; . . . that said injuries so sustained by him are permanent.''

The defendant below filed its answer containing a general denial and setting up contributory negligence. The case was tried to a jury. A verdict was returned in favor of the plaintiff for $650. The court rendered judgment upon the verdict. A motion for a new trial was overruled and the defendant below brings the case here for review.

*J. W. Gleed* and *C. Hamilton*, for plaintiff in error.

*Morris Cliggitt* and *B. S. Gaitskill*, for defendant in error.

SCHOONOVER, J.   I. The plaintiff in error contends that the trial court erred in overruling the demurrer to the evidence. Our Supreme Court, in the case of *Brown, Adm'r, v. A. T. & S. F. Rld. Co.* (31 Kan. 1), has said:

'' Where the defendant in a case which is being tried by a jury, files a demurrer to the plaintiff's evidence, on the ground that the evidence does not prove any cause of action, *held*, that unless the plaintiff has utterly failed by all his evidence to prove his case, or some material fact in issue in the case, the demurrer should be overruled.

1. Demurrer to evidence properly overruled.

'' Where the court sustains a demurrer to the evidence, the court must be able to say that, admitting every fact that is proved which is favorable to the plaintiff, and admitting every fact that the jury might

fairly and legally infer from the evidence favorable to the plaintiff, still, the plaintiff has utterly failed to make out some one or more of the material facts of his case.''

Applying this rule to the evidence before us, it is clear that a *prima facie* showing of liability on the part of the defendant had been made, and that the demurrer to the evidence was properly overruled.

II. It is contended that the trial court erred in refusing to give the following instructions :

"And proof of a single defective or imperfect operation of any such machinery or instrumentalities, resulting in injury, will not of itself be sufficient evidence, nor any evidence, that the Company had previous knowledge or notice of any supposed or alleged defect, imperfection or insufficiency in such machinery or instrumentalities.

2. Instructions examined.

"As between a railroad company and its employees, the railroad company is not necessarily negligent in the use of defective machinery not obviously defective, but it is negligent in such cases only where it has notice of any defects, or where it has failed to exercise reasonable and ordinary diligence in discovering them and in remedying them.''

The trial court did instruct the jury as follows :

" To warrant a verdict for plaintiff, you must find from a preponderance of the testimony — that is, the greater convincing force of the evidence — that plaintiff was injured as alleged ; that the alleged defects in the foot-board and track directly caused or directly and materially contributed to the injury, so that otherwise it would not have occurred, and that such defects existed by reason of the defendant's failure to exercise ordinary care and diligence in keeping said track and foot-board safe. If you thus find on all these points the plaintiff is entitled to recover, unless you should find, as defendant claims, that the injury arose by reason of plaintiff's own carelessness, or was so

414     RAILWAY CO. v. TOOMEY.

S. Dept.       Opinion.   Schoonover, J.      6 Kan. App.

directly contributed to thereby that otherwise it would not have occurred. It is for the plaintiff to prove the defendant's negligence, and for the defendant to prove the plaintiff's contributory negligence, as neither will be presumed in the absence of proof.

" Ordinary care and diligence is such as persons of ordinary prudence and carefulness would use under like circumstances.

" You are instructed that the mere fact of plaintiff being in the employ of the defendant Company and while so employed receiving an injury which resulted in his damage, would not alone warrant you in finding for the plaintiff, nor would you be warranted in so finding unless you further find that said injury was the direct result of negligence on the part of the defendant Company.

" You are further instructed that, in case you find that the defendant was negligent in permitting the use of a defective foot-board, and you further find that plaintiff's injury was materially contributed to by his own negligence or carelessness, then your verdict should be for the defendant.

" You are further instructed that an employee of a railway company, by virtue of his employment, assumes all the ordinary risks and hazards incident to his employment.

" As between a railway company and its employees, the railway company is not an insurer of the perfection of any of its machinery, appliances or instrumentalities for the operation of its railroad.

"As between a railway company and its employees, the railroad company is required to exercise reasonable and ordinary care and diligence, and only such, in furnishing to its employees safe machinery and instrumentalities for the operation of its railroad.

"And where an employee seeks to recover damages for injuries resulting from insufficiency of any of the machinery or instrumentalities furnished by the railroad company, it will . . . devolve upon him to show, either that the railroad company had notice of the defects, imperfections or insufficiencies complained

of, or that by the exercise of reasonable and ordinary care and diligence it might have obtained such notice.''

The instructions given by the court as above set forth are correct in point of law and applicable to the issues and facts presented by the pleadings and evidence. Considered as a whole, and as applicable to the facts in this case, they sufficiently cover the instructions refused.

III. We are asked to reverse this case for the further reason that the trial court refused to instruct the jury to return a verdict for the defendant, and erred in overruling the motion of plaintiff in error for a new trial.

In submitting the issues, it is the duty of the trial court to determine whether, as to each issue, competent evidence has been produced, which, if believed by the jury, will justify men of reasonable minds in finding a verdict in favor of the party upon whom rests the burden of proof. There must be competent and sufficient evidence showing want of reasonable and ordinary care, before a jury can find negligence. It is the duty of the trial judge to determine whether a jury of reasonable men, believing the testimony, giving full weight to it, and drawing all the inferences from it, would be justified in finding a verdict for the party producing the evidence.

3. Refusal to direct verdict proper.

Mr. Justice Miller, in the case of *Pleasants v. Fant* (22 Wall. 121), said:

'' It is the duty of a court in its relation to the jury to protect parties from unjust verdicts arising from ignorance of the rules of law and of evidence, from impulse of passion or prejudice, or from any other violation of his lawful rights in the conduct of a trial. This is done by making plain to them the issues they

416 RAILWAY CO. v. TOOMEY.

S. Dept.      Opinion.   Schoonover, J.      6 Kan. App.

are to try, by admitting only such evidence as is proper in these issues, and rejecting all else; by instructing them in the rules of law by which that evidence is to be examined and applied, and finally, when necessary, by setting aside a verdict which is unsupported by evidence or contrary to law.

"In the discharge of this duty it is the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor. Not whether on all the evidence the preponderating weight is in his favor, that is the business of the jury, but conceding to all the evidence offered the greatest probative force which according to the law of evidence it is fairly entitled to, is it sufficient to justify a verdict? If it does not, then it is the duty of the court after a verdict to set it aside and grant a new trial. Must the court go through the idle ceremony in such a case of submitting to the jury the testimony on which plaintiff relies, when it is clear to the judicial mind that if the jury should find a verdict in favor of plaintiff that verdict would be set aside and a new trial had? Such a proposition is absurd, and accordingly we hold the true principle to be, that if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is sufficient to warrant a verdict for the plaintiff, the court should say so to the jury."

Applying this rule to the case under consideration, it was for the trial judge to say, before submitting the issue to the consideration of the jury, whether or not the plaintiff, according to the rules of evidence, produced sufficient testimony in his behalf, the truth of the testimony being admitted and all necessary and reasonable inferences being drawn from it, that the jury might reasonably find a verdict for the plaintiff. From an examination of the testimony before us, we are agreed that no error was committed in refusing to instruct the jury to return a verdict for the defendant.

There are no special findings in this case, and none were submitted to the jury. We have examined the testimony and find sufficient evidence to support the general verdict.

The judgment of the District Court will be affirmed.