MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v.
A. YOUNG, WILLIAM J. AYRES, AND N. W. WELLS.

### No. 345.*

1. EVIDENCE *Examined—Demurrer Properly Overruled.* The
material part of the evidence set forth, and *held*, that the de-
murrer thereto was properly overruled.

2. PRACTICE, DISTRICT COURT—*Instructions.* Where no instruc-
tions are asked, a failure to make them as full as the plaintiff
would like is not ground of error. ( *Hoyt v. Dingler*, 54 Kan. 309,
38 Pac. 260.)

Error from Miami district court; J. T. BURRIS,
judge.   Opinion filed March 15, 1899.   Affirmed.

*T. N. Sedgwick,* and *Sperry Baker,* for plaintiff in
error.

*N. W. Wells,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced in the
district court of Miami county by defendant in error
A. Young against the Missouri, Kansas & Texas Rail-
way Company, to recover for a personal injury sus-
tained by being caught between the ends of a freight
train as it was being backed over a crossing for the
purpose of coupling the two ends together.   The case
was submitted to a jury, a verdict returned, and judg-
ment rendered in favor of plaintiff below for $475.
The railway company brings the case here for review.

The allegation of negligence in the petition is as
follows :

"That on or about the 7th day of December, 1894,
this plaintiff was driving along one of the public streets

*Petition for order to certify denied by supreme court May 11,
1899.—REP.

of the city of Paola, across which the said defendant operates said railroad; that at the place where said railroad crosses said public street said defendant had standing one of its freight-trains cut in two or divided for about the width of said public street so that one part of said train stood on one side of said public street and one part on the other side; that as this plaintiff approached said crossing, diligently watching and listening for signals, and driving a team of horses hitched to his wagon, said train was standing perfectly still and motionless; that just as the team driven by this plaintiff had got upon the track over and upon which said defendant operates said railroad said defendant negligently, and without giving any signal or notice of any kind that could be seen or heard by this plaintiff, backed one part of its said train swiftly and suddenly upon the wagon in which this plaintiff was riding, so that said wagon was broken, damaged, and destroyed, and this plaintiff violently thrown from and out of said wagon and against one of the cars of said defendant, and was by said negligent backing of said train as aforesaid wounded and bruised and rendered sick and unwell, so that he suffered great bodily and mental pain and anguish, and was thereby, by the said negligent act of the said defendant, permanently and seriously injured, all to the damage of this plaintiff in the sum of $2000.''

The defendant answered by a general denial, and alleged contributory negligence on the part of the plaintiff Young.

The first contention of the plaintiff in error is that the trial court erred in refusing to sustain the demurrer to the evidence. It is disclosed by the testimony that the train was standing on one of the principal public crossings in the city of Paola. The train was uncoupled and divided, the two divisions being about twenty feet apart and standing one on each side of the public crossing. The train had been in this position about twenty minutes before the ac-

cident.   The plaintiff below, with his team and as-
sistant, approached the crossing from a field, through
a gate which is about fifty feet from the crossing.

Plaintiff testified as follows :

" Ques.   And you stopped when you opened the
gate?   Ans.   I stopped for him to open the gate and
then I stopped for him to shut it and get on.

" Q.   Did you look?   A.   Yes, sir.

" Q.   Did you see anybody around the train?   A.
No, sir.

" Q.   Then what did you do?   A.   After he got on
the wagon I started to go across the railroad-track,
and just as the horses got on the track they began to
back up, and they backed up quick, and I knew I
could n't back them up and get off the track, and I
thought I could get them across, and I whipped up
the horses, and just as I got the fore wheels across the
bumper struck the wagon, and I hit them a little
harder, and then the wagon turned over this way (in-
dicating), and it caught me in here (indicating), and
it pinched me and caught my knees, and they backed
the whole train a few feet with me in there.

" Q.   Now, then, before the train backed, did you
hear any noise?   A.   No, sir.

" Q.   Any whistle?   A.   No, sir.

" Q.   Or the ringing of any bell?   A.   No, sir.

" Q.   Was there any signal or whistle or signal of
any kind given?   A.   No, sir ; I did n't see any one ;
I thought they had gone to their suppers."

Further quotations are unnecessary.   Witness Lewis
Menges testified in about the same manner.   From an
examination of the evidence demurred to, we are sat-
isfied that the overruling of the demurrer by the trial
court was not error.   (*Railway Co. v. Toomey*, 6 Kan.
App. 410, 49 Pac. 819.)

The second ground for reversal is that the trial
court erred in giving the following instruction :

" If you find from the evidence that the plaintiff

sustained the injuries as alleged in the petition, or any part thereof, and that such injuries so sustained were caused by the negligence of the employees of the defendant company, and that the plaintiff was not himself guilty of negligence contributing to such injuries, then you ought to find for the plaintiff.''

Counsel insist that this instruction is misleading in that it does not confine the jury to the issues framed by the pleadings, but permits them to find against the company on any negligence of the employees of the company who may have caused the injury. The instruction is a correct general statement of the law, and under the broad allegations in the petition is not misleading. If counsel for plaintiff in error had desired a more specific statement, he should have requested special instructions. In the case of *Hoyt v. Dengler*, 54 Kan. 309, 38 Pac. 260, the supreme court said : '' Where no instructions are asked, a failure to make them as full as the plaintiff would like is not ground of error.'' ( *Reamer v. Columbia*, 5 Kan. App. 543, 47 Pac. 186.)

The other objections presented have been considered. They are not sufficient to require a reversal of the case. The judgment of the district court is affirmed.