## SOUTHERN RAILWAY COMPANY ET AL. *v.* SIEG.

[No. 6,998. Filed June 28, 1910.]

1. PLEADING.—*Technicalities.—Courts.*—Technical and hypercritical criticism of complaints by the courts leads to prolix and unnecessary verbiage on the part of pleaders. p. 261.

2. RAILROADS.— *Licensees.— Complaint.— Newsboys.*— A complaint alleging that the plaintiff was passing along defendant railroad company's track in the usual course to a point where defendant customarily delivered newspapers consigned to him, that defendant negligently left a cross-tie across the way so used by him, and that by reason thereof he fell and the train cut off his leg, to his damage, states a cause of action. p. 261.

3. TRIAL.—*Withdrawing Evidence from Jury.—Instructions.— Waiver.*—A party presenting no instruction for the withdrawal of objectionable evidence, and making no objection at the time to the court's instruction withdrawing such evidence, waives any right to question the instruction given. p. 262.

4. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 262.

5. RAILROADS.—*Licensees by Invitation.—Instructions.—Invading Province of Jury.*—An instruction that the plaintiff must prove that "he had gone to the place where he was injured for the purpose of getting newspapers, * * * and that defendant * * * had invited plaintiff, directly or by implication growing out of a custom of delivering to him said papers at that place,"

does not assume that it was defendant's custom to deliver papers at such place. p. 262.

6. TRIAL.—*Licensees.*—*Invitation.*—*Instructions.*—*Invading Province of Jury.*—An instruction that the jury might "infer an invitation to plaintiff to be at the place where he was injured, if the evidence shows that the business he was engaged in at the time was of common interest or mutual advantage to the company and him," and that if injured while there, by defendant's negligence, the defendant is liable, assumes that the plaintiff was where he was injured, and not where he claimed that he was injured. p. 263.

From Harrison Circuit Court; *C. W. Cook,* Judge.

Action by Roy C. Sieg against the Southern Railway Company and another. From a judgment on a verdict for the plaintiff for $5,000, defendants appeal. *Affirmed.*

*Alex. P. Humphrey, Edward P. Humphrey, John D. Welman, Edward D. Mitchell, Thomas J. Wilson, Frank Self* and *C. L. & H. E. Jewett,* for appellants.

*Major W. Funk, Laurent A. Douglass* and *George H. Hester,* for appellee.

ROBY, J.—This action was brought to recover damages for personal injuries sustained by appellee. A verdict for $5,000 was returned, and appellee had judgment thereon.

The amended complaint was in one paragraph. It averred that on October 11, 1904, plaintiff went upon the grounds maintained by the Southern Railway Company at Milltown station, for the purpose of receiving a daily package of newspapers which defendant company brought from Louisville on its west-bound passenger-train which was scheduled to arrive and did arrive at 7.50 o'clock p. m.; that plaintiff went upon said defendant's station yard to the point where said train usually stopped, proceeded along said track to receive said newspapers, and fell over a crosstie which had been negligently left at said place, and in so falling his right leg was thrown under the wheels, crushed and cut off.

Appellants demurred to the complaint and have argued the assignment of error based upon the action of the court

in overruling their demurrers. They assert that the theory of the complaint is double, in that it sets up the existence of a public highway at the place where appellee was injured, and that it also shows him to have been a mere licensee, to whom appellants owed no duty except not wilfully to injure him.

The amended complaint is exceedingly voluminous. It is so long that a summary will not be attempted. This form of pleading is a necessary result of the hypercritical scrutiny which in recent years has been directed at pleadings of this nature. Appellants do not suggest a deficiency of allegation. The hypothesis upon which their argument is based is an incorrect one. The theory of the complaint was that appellee was upon the company's right of way by its invitation, for the purpose of receiving merchandise conveyed to him by it, and that he was at the usual place designated for that purpose.

The facts pleaded bring the case within the authority of *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, and the holding is therefore against appellants, so far as the sufficiency of the complaint is concerned.

Evidence was introduced showing that appellee, who was thirteen years of age, had been accustomed to receiving his papers at the place where he was injured; that other persons received papers at the same place, such custom extending over a series of years; that other merchandise was unloaded and delivered to consignees at such place; that the ground was smooth and much used; that persons passed along it frequently; that use thereof was made by persons for their own convenience, and also by those having business with the railway company; that trains were stopped and passengers were taken on and discharged at this place and near thereto, and that tickets were sold to said station upon trains that did not stop at any other place. A large number of witnesses testified upon the subject, and there is no question upon the evidence as to the public character of

the place and the use made of it by the company operating the railway. Objection was made to the testimony of various witnesses, but the state of the record and evidence renders it unnecessary to detail such objections.

The court, at the conclusion of the evidence and before argument, withdrew certain items of evidence from the consideration of the jury. It is earnestly insisted that 3. a motion made to set aside the submission of the cause and to discharge the jury should have been sustained, for the reason that the instruction was not as full and explicit as it should have been in order to remove the effect of the evidence.

Appellants did not request a more specific instruction upon the subject. If they were not satisfied with the one given, a seasonable request should have been made, and failure to make such request waives the objection. *Moore* v. *Shields* (1889), 121 Ind. 267; *Gebhart* v. *Burkett* (1877), 57 Ind. 378, 26 Am. Rep. 61.

The error in the action of the court was against appellee. It was competent to consider the facts excluded by the instruction upon the issues. *Pittsburgh, etc., R. Co.* v. *Simons, supra; Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 9 L. R. A. (N. S.) 857.

The evidence as to the manner and circumstances of the accident has been considerably discussed. The question is one of conflict, and that has been settled by the jury. 4. Instruction two, given by the court on its own motion, was as follows: "Before plaintiff can recover he 5. must show by a fair preponderance of the evidence that he had gone to the place where he was injured for the purpose of getting newspapers, as alleged in the complaint, and that defendant Southern Railway Company had invited plaintiff, directly or by implication growing out of a custom of delivering to him said papers at that place." Of this appellants say: "Instruction two, given by the court of its own motion, assumed that it was the custom of appel-

lants to deliver papers at the place where appellee was injured. This was a question for the jury on the evidence." The point is not well taken.

Instruction eight, given at appellee's request, was as follows: "I instruct you that you have the right to infer an invitation to plaintiff to be at the place where he was injured, if the evidence shows that the business he was engaged in at the time was of common interest or mutual advantage to the company and him, and if, while there on such business, he was injured by the failure of the defendants to use ordinary care to keep said place safe as alleged, without fault on his part, you should find a verdict for plaintiff." Of this appellants say: "Instruction eight was bad, because it invaded the province of the jury, and assumed one of the facts in dispute. This instruction practically assumed that appellee was at the place where he claims to have been injured, when the question of the precise locality was one for the jury."

The instruction refers to the place where appellee was injured, and not to where "he claims to have been injured," and there is no substantial dispute as to the fact.

Other questions are made upon instructions, but they are not regarded as substantial. The vital point of appellants' contention is founded on the construction of the complaint, which, as before stated, is not a correct one, and this consideration leads to an affirmance.

The judgment is therefore affirmed.