## MUSKOGEE ELECTRIC TRACTION CO v. RYE.

No. 4003. Opinion Filed April 13, 1915.

(148 Pac. 100.)

1. TRIAL—Personal Injuries—Abstract Instructions. In an action for personal injuries, the trial court, after fully defining the issues as joined by the pleadings, instructed the jury that, before the plaintiff can recover, he must show by a preponderance of the evidence, that the defendant was guilty of negligence which caused the injuries complained of. **Held** not objectionable upon the ground of its generality; the complaining party not having requested a more specific instruction.

2. TRIAL—Instructions—Cure of Error. Any vagueness in an instruction as to the negligence authorizing a verdict for plaintiff, i cured by other instructions stating explicitly the only basis of a verdict for him.

3. TRIAL—Refusal of Instructions Covered—Measure of Damages. Record examined, and **held,** that the refusal of the trial court to give instruction No. 2 requested by the defendant was not error, because the point made by the requested instruction was covered by the instruction on the measure of damages given by the court.

Opinion of the Court.

4.  **WITNESSES—Examination in Chief—Preliminary Questions.**
A witness may be questioned in his examination in chief with regard to his residence, occupation, the positions then or previously held by him, that the jury may fairly estimate the value and weight of his testimony.

5.  **DAMAGES—Mental Anguish—Connection With Bodily Injury.**
Mental pain and suffering, accompanying personal injury or physical pain, is always the subject of compensation. The mental anguish, however, should be connected with the bodily injury, and be fairly and reasonably the natural consequence that flows from it.

6.  **SAME—Proof.** Where there is evidence of a serious physical injury and of physical suffering which has not ceased at the time of trial, and there is evidence that the injury is permanent, there is sufficient proof to justify an inference of mental suffering accompanying the continuing physical pain.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Robert L. Rye against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Blakeney, Maxey & Miley*, for plaintiff in error.

*S. M. Rutherford, Jas. W. Cosgrove*, and *Guy F. Nelson*, for defendant in error.

KANE, C. J. This was an action in damages for personal injuries commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Plaintiff alleged in effect that on the 14th day of February, 1910, he was a passenger on one of the street cars of the defendant company; that when said car stopped to discharge passengers at Eleventh street, in the city of Muskogee, he attempted to alight therefrom, and while he had one foot on the platform of said car, and the other on the step thereof, the defendant, with full knowledge of the situation and intention of said plaintiff, carelessly and negligently started said car with a sudden and violent jerk without allowing said plaintiff a reasonable time in which

to alight, thereby causing said plaintiff to lose his balance and fall from his position on said car platform and steps upon his left side and shoulder; that the jerk from said car and contact with the street dislocated plaintiff's left shoulder, tore and lacerated the muscles of the same, and strained and bruised plaintiff's left hip and side; that the injury to his left shoulder is permanent; that plaintiff has suffered great physical pain and mental anguish from such injuries; that the injuries so sustained by plaintiff, as aforesaid, were without fault or negligence on his part, and were caused directly or proximately by the carelessness and negligence of defendant, its agents, servants, and employees, as aforesaid.

The answer of the defendant contains a general denial, and specific denials that the plaintiff had ever given to the defendant, or to any of its servants or employees, any notice of his intention to alight from said car, or that he requested that said car be stopped, or that he had in any way indicated his desire to the servants in charge of said car to stop the same, or that said car was started after having been stopped in a sudden, violent, and unusual manner. And the answer affirmatively alleged that said plaintiff attempted to jump from said car while it was moving, at a point where the same was not required to stop, and thereby received whatever injuries he may have received solely through his own negligence. Plaintiff's reply was a general denial.

Upon trial to a jury there was a verdict for the plaintiff, to reverse which this proceeding in error was commenced.

The grounds for reversal, as summarized by counsel for plaintiff in error in their brief, may be stated as follows: (1) Error of the trial court in giving instruction No. 3; (2) error of the trial court in refusing to give instruction No. 2, requested by defendant; (3) error of the

trial court in refusing to strike out certain evidence which counsel contend tended to establish a predicate for damages sustained by the plaintiff in his profession of practicing medicine; (4) error of the trial court in giving instruction No. 9.

Instruction No. 3 reads as follows:

"You are instructed that, before the plaintiff can recover in this case, he must show, by a preponderance of the evidence, that the defendant, its agents or employees, was guilty of negligence which caused the injuries complained of by him, and that his injuries were not due to his own negligence or carelessness."

Counsel contends that this instruction is erroneous because it allowed the jury to find a verdict for the plaintiff, if it was established by a preponderance of the evidence that the defendant, its agents or employees were guilty of negligence in any respect which caused the injury complained of. The instruction, standing alone, is subject to the criticism directed against it by counsel. The acts of negligence relied upon in the petition were negligence in starting the car suddenly and with an unusual jerk without allowing plaintiff a reasonable time to alight. The trial court in its first two instructions clearly defined the exact issues between the parties as joined by the pleadings, stating with fullness the grounds of negligence upon which the plaintiff relied for recovery and the defenses relied upon by the defendant. Immediately after this follows the instruction complained of. Obviously the purpose of the instructions was to charge the jury as to where the burden of proof lay and to advise them that, before the plaintiff could recover at all, he must establish the acts of negligence stated in his petition, as defined by the court in the preceding part of its instruction. In such circumstances we do not see how the jury could have been misled. Whilst the instruction is not a model of clearness and perspicuity, the principal fault that may be found with it, in so far as

the defendant is concerned, is its generality. The complaining party is not in position to object to the generality of an instruction given when he did not ask for a more explicit instruction on the point involved.

In the case of *M:, K. & T. Ry. Co. v. Young,* 8 Kan. App. 525, 56 Pac. 542, a personal injury case, the instruction was as follows:

"If you find from the evidence that the plaintiff sustained the injuries as alleged in the petition, or any part thereof, and that such injuries so sustained were caused by the negligence of the employees of the defendant company, and that the plaintiff was not himself guilty of negligence contributing to such injuries, then you ought to find for the plaintiff."

Counsel complained of this instruction upon the ground that it did not confine the jury to the issues framed by the pleadings. The court said:

"Counsel insist that the instruction is misleading, in that it does not confine the jury to the issues framed by the pleadings, but permits them to find against the company, upon any negligence of the employees of the company who may have caused the injury. The instruction is a correct general statement of the law, and, under the broad allegations of the petition, is not misleading. If counsel for plaintiff in error had desired a more specific statement, he should have requested special instructions."

Other authorities to the same effect are *Magoon v. Before,* 73 Vt. 231, 50 Atl. 1070; *McCormick Harv. Mach. Co. v. McNicholas,* 66 Minn. 384, 69 N. W. 36; *Hansen v. Gaar, Scott & Co.,* 68 Minn. 68, 70 N. W. 853; *Southern Ry. Co. v. Hobbs,* 151 Ala. 335, 43 South. 844; *T. & N. O. Ry. Co. v. Achiltree* (Tex. Civ. App.) 127 S. W. 584; *M., K. & T. Ry. Co. v. Gilbert et al.* (Tex. Civ. App.) 131 S. W. 1145; *Southern Ry. Co. v. Sieg,* 46 Ind. App. 259, 92 N. E. 194; *Martin v. Garlock,* 82 Kan. 266, 108 Pac. 92, 20 Ann. Cas. 84.

Moreover, the court, in another instruction, which seems to follow very closely an instruction approved by the Supreme Court of Illinois in *Chicago West Div. Ry. v. Mills,* 105 Ill. 63, limited the jury in its findings of negligence to the specific acts of negligence charged in the petition. It seems to be well settled that any generality in an instruction may be cured by other instructions which limit plaintiff's right of recovery to the specific negligence alleged in the petition. *C., R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760; *Roney v. City of Des Moines,* 150 Iowa, 447, 130 N. W. 396; *Johnson v. St. L. & S. Ry. Co.,* 173 Mo. 307, 73 S. W. 173.

Instruction No. 2, which the trial court refused to give upon the request of the defendant, reads as follows:

"Gentlemen of the jury, you are instructed that, under the allegations of the plaintiff's petition, he is not entitled to recover any amount for any loss of earnings, either prior to the commencement of the action or subsequent thereto, and you are directed to wholly disregard all of the evidence offered in this connection in your deliberations of this case."

In the case at bar there was no attempt to allege or show any loss of earnings either before or after the commencement of the action, nor any impairment of the plaintiff's earning capacity, and the trial court correctly instructed the jury to that effect as follows:

"The court instructs the jury that if, under the evidence and the instructions of the court, you find in favor of the plaintiff, you should assess his damages in such an amount as you believe from the evidence will be a fair compensation to him for the pain of body and mind, if any, which he has suffered, occasioned by such injuries; and, in the determining what amount of damages you will award him, you may take into consideration the question as to whether or not the injuries received by plaintiff are permanent, but you cannot award him anything for the impairment of any earning capacity the plaintiff may have had."

It seems to us that this instruction covers the law applicable to the plaintiff's measure of damages as fully as does the instruction requested by the defendant, and more accurately.

The evidence which the court refused to strike out upon motion of the defendant related to the name, residence, and profession or business of the plaintiff. He testified that he was engaged in the practice of medicine and surgery and running a drug store, and that, prior to taking up his residence at Porter, he lived at Ft. Smith and Choska. This evidence, counsel contend, was inadmissible, because it tended to lay a predicate for damages for loss to the earnings of the plaintiff as a physician, without there being any special allegations claiming damages therefor in the petition. We think the evidence was admissible as a preliminary question. The jury was the sole judges of the credibility of the witnesses, and have a right to all reasonable information to aid them in the exercise of this duty.

In 3 Encyc. of Evidence, 759, it is said:

"A witness may be questioned in his examination in chief with regard to his residence, occupation, the positions then or previously held by him, that the jury may fairly estimate the value and weight of his testimony."

In *Georgia So. & F. Ry. Co. v. Ransom,* 5 Ga. App. 740, 63 S. E. 525, it was held:

"The credibility of witnesses being a question entirely for the jury, any fact or circumstance that would tend to throw any light on that question, or that would assist the jury in weighing the testimony, is proper and relevant. The age, the business, the condition of a witness, whether married or unmarried, and whether he has children, frequently illustrate the question of his credibility."

As was aptly remarked in another opinion to the same effect *(Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432):

"The jury cannot know too much of a witness to properly weigh his testimony."

The next instruction is the instruction on the measure of damages given by the court, which hereinbefore has been set out in full in connection with another point. Of this instruction, counsel for defendant in their brief say:

"There are at least two errors, we think, in this instruction: First, that the court erred in submitting mental suffering to the jury under the evidence in this case; second, that the court erred in permitting the jury to find the pain of mind that plaintiff in all probability would suffer in the future."

As we gather it from the brief of counsel, the principal criticism directed against this instruction is that it permits the jury capriciously to allow damages for imaginary mental suffering not warranted by the evidence.

The rule is well settled that mental pain and suffering, accompanying personal injury or physical pain, is always the subject of compensation. The mental anguish, however, should be connected with the bodliy injury, and be fairly and reasonably the natural consequence that flows from it. 13 Cyc. 39. In the case at bar the evidence tended to show that the plaintiff had suffered a severe injury to his hip and shoulder; that the injury to his shoulder was not only permanent, but it was also progressive (that is, it would continue to grow worse as long as the plaintiff lived) ; that he suffered and was still suffering great physical pain. In such circumstances, direct testimony of mental anguish and suffering, while proper, is not indispensable to a recovery therefor. Damages of this nature are ordinarily determined by the circumstances of the case, as disclosed by the evidence; the amount thereof depending upon the seriousness of the injury. *Brown v. H. & St. J. Ry. Co.,* 99 Mo. 310, 12 S. W. 655; *Jordan v. C., R. I. & P. Ry. Co.,* 124 Iowa, 177, 99 N. W. 693; *C., R. I. & P. Ry. Co. v. Swan* (Tex. Civ. App.) 130 S. W. 855.

In the latter case it was held that:

"Where there is evidence of a serious physical injury and of physical suffering which has not ceased at the time of the trial, and there is evidence that the injury is permanent, there is sufficient proof to justify an inference of mental suffering accompanying the continuing physical pain".

In the case of *Gallamore v. City of Olympia*, 34 Wash. 379, 75 Pac. 978, the court instructed the jury that, if they found the respondent was entitled to recover, they might take into consideration the probable amount of pain, loss of time, and amount of expenses he would suffer and be subjected to in the future on account of her injuries. This was objected to upon the ground that it left the jury to give damages against appellant for consequences which were contingent, speculative, or merely possible. The court said:

"Undoubtedly it would be error for the court to allow the jury to award damages for matters purely speculative, or for those conditions not supported by a preponderance of the evidence, but we think the instruction complained of is far from doing this."

In our judgment the instruction objected to is not subject to the criticism that it allowed the jury to give damages for consequences which were contingent, speculative, or merely possible. On the whole, we think the case was fairly tried, and that the verdict reached by the jury and the judgment entered thereon by the court are in accord with right and justice.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.