**ST. LOUIS & S. F. R. CO. v. McCLAIN.**

No. 6830—Opinion Filed Jan. 9, 1917.

(162 Pac. 751.)

(Syllabus by the Court.)

1. **Appeal and Error—Carriers—Trial—Injuries to Mail Clerks—Questions for Jury — Negligence — Proximate Cause — Evidence—Instructions.**

Record examined and held: (1) That there was sufficient evidence adduced at the trial to take the case to the jury on the question whether or not there was negligence on the part of the defendant, and whether such negligence was the proximate cause of the injury; (2) that there was no misdirection of the jury or improper admission or rejection of evidence which appears to have resulted in a miscarriage of justice or constitutes a substantial violation of any constitutional or statutory right.

2. **Appeal and Error—Personal Injury—Excessive Damages.**

A verdict will not be set aside in a case of tort for excessive damages, unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence or prejudice, or have totally mistaken the rules of law by which the damages are regulated.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Voll E. McClain against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and J. H. Grant, for plaintiff in error.

Parker & Simons, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.

Hereafter the parties will be designated as "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The plaintiff, who was a railway mail clerk, alleged, in substance, that on a certain day the defendant negligently neglected to perform the duty imposed upon it by law by failing to furnish a mail car properly fitted up, furnished, warmed, and lighted for his use as a mail clerk in the service of the United States government on his run between Enid, Okla., and Vernon, Tex. The specific acts of negligence relied upon for a recovery are stated in the petition as follows: That on an extremely cold day, to wit, the 13th day of January, 1913, the defendant negligently failed to furnish plaintiff said mail car with proper facilities for being heated and kept warm; that instead of having proper and suitable stoves in said car, or steam pipes with which to adequately warm the same, the defendant had therein a stove which was insufficient to furnish heat, and that said car could not be warmed with said stove; that in addition to said stove said car had in it certain steam pipes for the purpose of heating said car, but instead of keeping them in proper and safe condition for use, there was a defective joint in said pipes, or leakage, caused from the defective construction or the worn-out condition of said steam pipes at a point which was located underneath the letter table at which said plaintiff was required and compelled to work while distributing mail as a mail clerk; that by reason of said defective condition the steam escaped from said leak, and as a result thereof created a cloud of steam around the table where said plaintiff was working, which enveloped him and caused his body and clothing to become damp, and by reason of said defects said car was cold and uncomfortable and in an unfit condition for plaintiff to occupy, and result of the insufficient heating of said car unsafe for the health of plaintiff, and as a and the dampness of said plaintiff's clothing caused by said escaping steam on said date, the plaintiff contracted a severe cold or an attack of what is commonly called "la grippe," which subsequently developed into a case of "Bell's palsy," or facial paralysis; that as the proximate cause of said injuries said plaintiff was permanently injured, in that he will never entirely recover the normal functions of the affected side of his face, and that he will also be subject to future attacks of the same disease, and will be otherwise physically weakened as the result of the condition described. Wherefore said plaintiff prays judgment against said defendant in the sum of $3,000 and costs of said action.

For answer the defendant pleaded a general denial and contributory negligence, the reply of the plaintiff being a general denial. Upon the issues thus joined the case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $1,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst the defendant has assigned numerous grounds for reversal, those which seem to be seriously relied upon by its counsel in their brief may be summarized as follows: (1) The verdict of the jury is not sustained by sufficient evidence; (2) error of law occurring at the trial and duly excepted to by the defendant; (3) error of the court in giving to the jury certain instructions which were duly excepted to by the defendant; (4) error of the court in refusing to give to the jury certain instructions which were requested by the defendant; (5) excessive damages appearing to have been given under the influence of passion and prejudice.

In presenting their first assignment of error counsel for defendant contend that the verdict of the jury is predicated solely upon conjecture; there being no substantial evidence to support it adduced at the trial. Counsel argue that, inasmuch as colds are infectious and epidemic, and that thousands of people contract them when they have not been subjected to exposure of any kind, whether the condition of the car had anything to do with the plaintiff contracting a cold, or the results growing out of it, is, at best, highly speculative and conjectural. They say that on the day in question the plaintiff walked seven blocks from his home to the post office, wearing his overcoat; that he remained in the well-heated post office without removing his overcoat; that he rode from the post office on the front seat of a mail wagon, a distance of seven blocks; and conclude:

"He certainly had as good an opportunity to have caught cold under those circumstances as he did from any conditions existing in the car."

The medical gentlemen who testified in the case, whilst conceding that the cold and la grippe and the subsequent Bell's palsy of the plaintiff may have been caused by other agencies than the defective car, as counsel say, yet, after having attended the plaintiff immediately after contracting the cold and during his illness, and considering the history of the case and all the facts and circumstances surrounding the same, they were

still of the opinion that the defective mail car and the consequent exposure, hereinbefore outlined, were the direct causes of the illness of the plaintiff.

It seems to us the facts developed at the trial of the case at bar present a situation somewhat similar to that arising in C., R. I. & P. R. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096. In that case the only error presented for consideration was whether the verdict was sustained by sufficient evidence. The third paragraph of the syllabus suscinctly states the facts and conclusion reached by the court as follows:

"Where there is testimony to the effect that plaintiff, in extremely cold weather, drove, well wrapped, but in an open vehicle, for an hour and a half, to defendant's station to take its train as a passenger, and was very cold upon his arrival thereat; that he was thereupon denied admission to a room in which there was a fire at said station, and, finding the waiting room he was entitled to enter in use as a storage room and without heat, waited on the outside of the station building for 30 minutes, during which time he suffered much more severely from cold than while en route to the station; that upon his arrival home soon thereafter he was confined to his bed for eight or ten days with pains in his legs, his arms, one shoulder, one foot, both lungs, his voice also being affected, which affliction was followed with somewhat impaired health, and at the trial of this case, about 14 months later, he had two degrees of fever and water in his abdomen, resulting from nephritis and inflammation of the kidneys, which is very often caused by exposure to weather; that his prior health had been good; and that the defendant owed and breached its duty to furnish him a reasonably comfortable waiting room during said 30 minutes; and where such exposure to weather is the only cause disclosed by the evidence of his said sufferings and afflictions—there is evidence reasonably tending to show that his sufferings during said 30 minutes, and also his subsequent suffering and afflictions, were either in whole or in some substantial part proximately caused by defendant's said breach of duty, and the difficulty of determining to what extent such breach of duty contributed to his injuries does not deprive him of the right to have the question submitted to the jury. (a) Only when the court can say that an inference of proximate cause by a jury is unwarranted by the evidence will the verdict thereon be disturbed."

On account of the close analogy between these cases, it is sufficient to say of this branch of the case before us that, after a careful examination of all the evidence particularly called to our attention by counsel, we are not prepared to say that the inference of proximate cause by the jury is unwarranted by the evidence. It was a matter for the jury to determine from all the facts in evidence as to whether or not the exposure to which plaintiff was subjected by the defective and unfit condition of the defendant's car was the proximate cause of the sickness which ensued; and, as in our judgment, there was ample evidence to warrant a finding that it was, the determination of the jury upon this point is conclusive.

Under their next assignment of error counsel for plaintiff in error contend that the court erred in permitting the plaintiff to testify that he was a married man, and that his family consisted of his wife and three children, and that the court erred in permitting him to testify that there were other defects in the mail car aside from the defective steam pipe which rendered the car unfit for the use of the plaintiff in the performance of his duties as a mail clerk. It is only where the plaintiff offers evidence respecting his family for the purpose of enhancing his damages that error can be predicated upon the admission of such evidence. In the case at bar, the questions objected to seem to be purely preliminary, as there was no attempt on the part of counsel to show any dependence of the plaintiff's family upon him for support. In such circumstances, permitting the plaintiff to answer questions of this nature cannot be held reversible error. In Muskogee Electric Traction Co. v. Rye, 47 Okla. 142, 148 Pac. 100, it was held that a witness may be questioned in his examination in chief with regard to his residence, occupation, the positions then and previously held by him, that the jury may fairly estimate the value and weight of his testimony. In support of this proposition the court quoted with approval from the opinion in Georgia So. & F. R. Co. v. Ransom, 5 Ga. App. 740, 63 S. E. 525, as follows:

"The credibility of witnesses being a question entirely for the jury, any fact or circumstance that would tend to throw light on that question, or that would assist the jury in weighing the testimony, is proper and relevant. The age, the business, the condition of a witness, whether married or unmarried, and whether he has children, frequently illustrate the question of his credibility."

In Eoff v. Spokane P. & S. R. Co., 70 Wash. 270, 126 Pac. 533, it is held that such evidence is to be classed with that character of testimony introduced as explanatory of the situation of the parties, their character and conduct, thus enabling the jury better to apply the evidence bearing directly upon the subject of litigation. In another case, Hewitt v. Flint & P. M. R. Co., 67 Mich. 61, 34 N. W. 670, the court holds that such testimony is immaterial, but not sufficient to present any prejudicial error.

The testimony with which counsel for defendant finds fault under the second subdivision of this assignment of error consisted of statements by the plaintiff to the effect that the windows of the mail car rattled and did not have weather strips around them, and that the doors were loose and contained cracks through which the wind blew. Of this proposition counsel in their brief say:

"An examination of the petition will show that the action is based upon the condition of the steam pipes and of the stove, and it is nowhere intimated that there was any defect in the car itself."

It is true that the petition contains no allegation which specifically stated that the windows rattled, nor that the doors were loose, but it does state in general language that:

"Said car was cold and uncomfortable and in an unfit condition for plaintiff to occupy and unsafe for the health of plaintiff, and that as a result of the insufficient heating of said car and the dampness of said plaintiff's body and clothing caused from the escaping steam on said date," etc.

The evidence complained of would tend to show that the mail car was in an unfit condition for plaintiff to occupy and unsafe for the health of plaintiff, and therefore unobjectionable.

Of the next two assignments of error it is sufficient to say that we have examined the instructions given by the court and the instructions requested by the defendant, and are of the opinion that the trial court fully and fairly instructed the jury as to the law upon all the issues joined by the pleadings, or presented by the evidence.

There is some contention to the effect that the trial court by its instructions eliminated from the consideration of the jury the question of contributory negligence of the plaintiff, which contention seems to be without merit. In one of the instructions given by the court we find the following language:

"You are further instructed that if you find and believe that the plaintiff was guilty of contributory negligence, as hereinbefore defined, then he cannot recover regardless of whether defendant was negligent or not, for his own negligence defeats his right of recovery."

The instructions should be construed together as a whole, including special charges given at the request of either party. When so construed, if they properly state the law, they will not be subject to exception, although some numbered instructions or portions thereof standing alone may be misleading. First Nat. Bank of Tishomingo v. Ingle, 37 Okla. 276, 132 Pac. 895.

Of the last assignment of error, it is sufficient to say that the record discloses no evidence that the amount of recovery was fixed by the jury under the influence of passion or prejudice. Whilst we think the assessment of damages was liberal, we cannot say that it is excessive. A verdict will not be set aside in a case of tort for excessive damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are regulated. C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1147.

On the whole we are satisfied that the case was fairly and impartially tried, and that no error has been committed growing out of the misdirection of the jury or the improper admission or rejection of evidence, or any matter of pleading or procedure which has probably resulted in a miscarriage of justice, or the violation of a substantial or constitutional right of the defendant. In such circumstances, the statute (section 6005, Rev. Laws 1910) provides that no judgment shall be set aside, nor a new trial granted by any appellate court of this state.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.