WILLIAM MARTIN, *Appellee*, v. BEN GARLOCK, *Appellant.*

No. 16,459.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Proximate Cause—Instructions.* In an action based on the frightening of a horse on the highway by an automobile, in the absence of a request for more definite instructions a charge to the jury that a recovery could be had if the injury was caused by the negligence of the defendant, without contributory negligence on the part of the plaintiff, is not rendered materially erroneous by the omission to state that the negligence complained of must have been the proximate cause and that the injury must have been one reasonably to have been anticipated as a result thereof.

2. DAMAGES—*Exemplary—Evidence of Malice.* In such an action evidence that the defendant used language showing a disregard of the plaintiff's rights may be sufficient to show such malice as to warrant the recovery of punitive damages, although the words were spoken after the accident had taken place.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed April 9, 1910. Affirmed.

*S. M. Brewster*, for the appellant.

*J. J. Baker*, for the appellee.

The opinion of the court was delivered by

MASON, J.: A horse ridden by William Martin was frightened by an approaching automobile, driven by Ben Garlock, and ran away, killing itself and injuring

its rider.   Martin sued Garlock, claiming that the accident was caused by the failure of the latter to stop when signaled to do so.   Garlock claimed that the automobile advanced only ten feet after the signal was given, and that it was not practicable to stop sooner on account of the condition of the road.   A jury found for the plaintiff, and the defendant appeals from the judgment.

The verdict was not without support in the evidence and must be deemed to have settled the questions of fact.   The jury were instructed in effect that a recovery could be had if the injury was caused by the negligence of the defendant, without contributory negligence on the part of the plaintiff.   This instruction is complained of because it omitted to state that the negligence must have been the *proximate* cause, and that the injury must have been one reasonably to have been anticipated as a result thereof.   No request was made for any more definite instruction.   In volume 29 of the Cyclopedia of Law and Procedure, at page 651, it is said: "Failure to instruct that, in order for negligence to create liability, it must be the proximate cause of the injury is reversible error."   On the other hand, it is said in volume 6 of Thompson's Commentaries on the Law of Negligence, section 7916:

"The question whether the negligence complained of was the *proximate cause* of the injury is *solely for the jury*.   It is not required, however, that the attention of the jury should be called to this element in direct terms.   Thus, an instruction that, to warrant a recovery by the plaintiff, the jury must find the defendant negligent, and that the plaintiff's injury was caused by such negligence, without contributory negligence on the part of the plaintiff, will cover the ground."

Doubtless where attention is called to the matter the court should refer to the requirement that negligence to be actionable must have been the proximate cause of an injury that was to have been foreseen as a result

thereof, but in the absence of a specific request the omission can not ordinarily be regarded as material error. (11 Encyc. Pl. & Pr. 217.) .Possibly the rule might be different where the circumstances naturally suggest the intervention of an independent cause or a difficulty in anticipating the injury. The case of *Maitland v. The Gilbert Paper Co.*, 97 Wis. 476, relied upon by the appellant, appears to have been of that character, but we think the present one is not.

Complaint is also made of the allowance of punitive damages. There was evidence that after the accident the defendant said to the plaintiff: "I don't give a damn for you, or your horse, either." This had some tendency to show malice. When such feeling originated, if it existed, was a question for the jury.

"Where an emotion of hostility at a specific time is to be shown, the existence in the same person of the same emotion at another time is in general plainly admissible. . . . *Subsequent* hostility is equally receivable; that it arose only subsequently is matter for explanation by the opponent." (1 Wig. Ev. § 396.)

The judgment is affirmed.