832

Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See 273 App. Div. 1045.]

In the Matter of MATHIASEN SHIPPING Co. INC. et al., Appellants. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by employers from a decision of the Unemployment Insurance Appeal Board denying their applications for refunds of unemployment insurance contributions. Determination of the Industrial Commissioner unanimously confirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See post, p. 855.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel CHARLES McCUE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Order unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

THOMAS J. MAHER, Respondent, v. FILIPPO COLILLI, Appellant.— Appeal by defendant in a negligence case from a judgment in favor of plaintiff for $1,649.85, entered upon the verdict of a jury after a trial in the Supreme Court, Albany County. Plaintiff's car collided with the defendant's car on the Albany-Schenectady road at about 2:30 in the morning, May 5, 1946. Plaintiff testified that defendant's car was backing out of premises of the Hawaii Club without lights, and that he did not see it until he was within three or four feet of it. The verdict was against the weight of evidence, and the trial court committed error in charging the jury that defendant's failure to file forthwith a report of the accident with the Commissioner of Motor Vehicles might be considered as affecting defendant's credibility. (Constantinides v. Manhattan Transit Co., 264 App. Div. 147.) Judgment reversed on the law and the facts and a new trial directed, with costs to abide the event. Hill, P. J., Foster and Russell, JJ., concur; Heffernan and Brewster, JJ., dissent.

CITY OF NEW YORK, Plaintiff, v. HORACE PORTER, as Trustee of School District No. 24, Town of Wawarsing, Ulster County, et al., Appellants, and BLANCHE CURRY, as Collector of Union Free School District No. 1 of the Towns of Neversink and Fallsburg, Sullivan County, and Denning, Wawarsing and Rochester, Ulster County, et al., Respondents.— Plaintiff, a landowner, brought a suit of interpleader in equity for a determination as to which of the two defendants, rival claimants to taxes assessed upon its land, was rightfully entitled thereto. The controversy between defendants arose over a question as to the validity of proceedings had and taken under the Education Law for the consolidation of school districts under what are now sections 1510–1513, wherein District No. 24, Town of Wawarsing, was included. The districts involved comprise parts of two supervisory districts. The consolidation was duly authorized by an election, but the district superintendent of the supervisory district wherein said School District No. 24 was included, in signing the order of consolidation, purported by an indorsement thereon to except that school district from the effective consolidation. A majority of the electors of that district had voted in favor of the consolidation but the indorsement of its exception was made upon the ground that it was not contiguous to the bounds of the other districts. The Supreme Court, in Ulster County, entertained jurisdiction and, after trial, rendered the judgment appealed from which upheld the validity of the consolidation as including said School District No. 24 and determined that defendant Curry, as Collector of Union Free School District No. 1, was rightfully and lawfully entitled to receipt of the tax moneys. Appellant challenges the jurisdiction of the court to have entertained the suit upon the ground that such was vested solely in the Commissioner of Education. We