526 P.2d 1064

**Robert C. FORQUER, Administrator for and on behalf of the Estate of A. Merrill Russell, Deceased, and the surviving children, Betty Holt, Wanda Marchessault and David Russell, Appellant,**

v.

**PINAL COUNTY, Howard Duke Crisler and Jane Doe Crisler, husband and wife, and Coy K. DeArman, Sheriff of Pinal County, Appellees.**

**No. I CA–CIV 2164.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 3, 1974.
Rehearing Denied Nov. 20, 1974.
Review Denied Jan. 8, 1975.

**267**

death on behalf of Mr. Russell's children against the appellees-defendants, Howard Duke Crisler, Coy DeArman, Sheriff of Pinal County, and Pinal County. Mr. Russell's death resulted from a head-on automobile collision with a car driven by Mr. Crisler, while Crisler was employed as a deputy sheriff of Pinal County. Mr. Crisler was proceeding to the scene of a drowning when his vehicle crossed the center line of the highway and struck Mr. Russell's automobile. During final jury arguments, plaintiff's counsel made the following comments:

"I'm going to talk to you about how the collision occurred and the investigation only, only because it is material on the issue of damages because this is a death case and in a death case you not only consider the injuries and damages that are sustained, but you have a duty to consider—and I'm quoting now from what the Court's instruction will be—award such damages which you deem fair and just with reference to the injury resulting from the death to each beneficiary having regard to the mitigating or aggravating circumstances attending the wrongful act.'

"Now, the way I see this case, I think it is about the most aggravated case I have ever run into or tried of liability. And it's not pleasant sometimes to say some of the things that I feel it is my duty to say, but I feel that I owe it to my conscience and I owe it to the Court because my job is to try to bring you the truth the way I think it was and that I think the evidence showed, and I owe it certainly to David to tell you that I think the police officer, Mr. Crisler, did not tell us the truth. I think that the police officer tried to influence that investigation to create a false story, a false police report.

\*    \*    \*    \*    \*    \*

"Now, the reason I call these things to your attention is because I think it is aggravated—that there are aggravating circumstances when a Pinal County Sher-

Rosen & McGroder, Ltd., by David Neal Rosen, Phoenix, for appellant.

Jack M. Anderson and John S. Schaper, Phoenix, for appellees.

## OPINION

JACOBSON, Chief Judge, Division 1.

The sole issue on this appeal is whether the trial court abused its discretion in granting a new trial following a plaintiff's verdict in a wrongful death action based upon improper argument of plaintiff's counsel relative to damages.

Appellant-plaintiff, Robert C. Forquer, as administrator of the estate of A. Merrill Russell, brought an action in wrongful

iff's officer who has the public trust tries to mislead the highway patrolman who is trying to get to the truth of what happened that night. I think that is aggravating circumstance.

\* \* \* \* \* \*

"Now, that's why I talk about what happened because I think you have to consider in your verdict, if you agree, if you believe that that makes sense to you, you have to consider this a case of aggravated liability and one which, whatever your verdict is, you should consider a greater verdict because of the aggravating circumstances attending the wrongful act."

After this statement was made, defense counsel interrupted the argument and at the bench objected on the grounds that what plaintiff's counsel personally thought about the facts of the case was improper argument. Defense counsel also stated: ". . . I want to make a motion for mistrial but no need to do it now if I may reserve the motion until after the arguments have been presented." The court then responded: "We'll reserve on this until later after argument."

After the jury retired for its deliberations, but prior to its returning a verdict, defense counsel, in chambers, again moved for a mistrial and in addition to the ground stated in his objection at the bench, objected on the ground that plaintiff's counsel's argument would allow the jury to consider Crisler's alleged lying to the investigative officers as an element of punitive damages. The motion for mistrial was denied.

The jury subsequently returned a verdict in plaintiff's favor in the sum of $48,051.-52, apportioning this figure as follows: $11,051.52 to the estate for hospital bills and burial expenses; $35,000 to David Russell, the deceased's 15-year-old son; and $1,000 each to two married daughters. The deceased was 72 years old at the time of his death and had a life expectancy of approximately 9 years.

Following entry of judgment, defendants timely moved for a new trial which the trial court denied. Prior to reducing the minute entry denial of this new trial to writing, the trial court on its own motion vacated its prior denial of the new trial and entered an order granting the new trial on the basis of plaintiff's counsel's comments during his jury argument. Plaintiff has appealed the granting of the new trial.

Plaintiff initially raises two procedural defenses to the granting of the new trial, the first being that defense counsel's failure to object to the jury argument on the grounds subsequently argued after the jury retired constituted a waiver of the right to object. Normally, failure to timely object to improper jury arguments constitutes a waiver of such error. Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968). Moreover, grounds for objection not stated to the trial court are also normally waived. Sato v. First Nat'l Bank, 12 Ariz.App. 263, 469 P.2d 829 (1970). However, we are of the opinion that these normal rules of appellate review are not applicable to the procedural manner in which the matter was handled by the trial court. Here, defense counsel, during plaintiff's counsel's jury argument specifically objected to the argument and requested leave, which was granted, to present a motion for mistrial after the argument had been concluded. After the jury had retired, but before a verdict had been reached, defense counsel moved for a mistrial, setting forth the specific ground that plaintiff's counsel's argument allowed the jury to consider an improper element of punitive damages. This ground was again urged on the motion for a new trial.

We do not have here the basis for the rationale giving rise to the appellate review rules previously stated, that is, the trial court must be given the initial opportunity to correct errors, and a party may not lie in wait by determining what the jury's verdict will be before making objections. In this case, the trial court was ful-

ly informed of the grounds upon which defense counsel objected prior to the time the jury had returned its verdict and hence the grounds were properly preserved for presentation in a motion for new trial.

■ The second procedural defense raised by the plaintiff is that as the trial court initially denied defendant's motion for a new trial, this motion was decided in plaintiff's favor and that any order entered thereafter was in effect creating a new motion for a new trial, which would be untimely because not filed within ten days after judgment, as required by Rule 59(f), Rules of Civil Procedure, 16 A.R.S. Plaintiffs have not cited any authority in support of this theory. Moreover, until the denial of the motion of new trial was reduced to writing, it did not become final and was subject to modification. Rules 54(a) and 58(a), Rules of Civil Procedure, 16 A.R.S. We therefore hold that the trial court, prior to finality being accorded the denial, had the authority to vacate its previously-entered order and enter a new order in its stead.

This then brings us to the merits of this appeal, that is, whether matters unrelated to either causing or affecting the deceased's condition are proper elements of punitive damages in a wrongful death action. The applicable statute, A.R.S. § 12–613 (1956) provides in part:

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or *aggravating circumstances attending the wrongful act, neglect or default.*" (emphasis added)

Defendants concede that under this statute, in a proper case, a jury may award punitive damages in a wrongful death action. Boies v. Cole, 99 Ariz. 198, 407 P.2d 917 (1965). They urge, however, that the elements which the jury may consider in awarding punitive damages are only those "attending" the wrongful act and the alleged lying of the defendant Crisler does not fall within this category. We agree.

■ The concept of punitive damages is to punish the wrongdoer, over and above the rendition of pecuniary damages, for his "aggravated, wanton, reckless or maliciously intentional wrongdoing." Lufty v. R. D. Roper & Sons Motor Co., 57 Ariz. 495 at 503–504, 115 P.2d 161 at 165 (1941). Thus, it is the quality of the character of the tortious act itself which gives rise to the assessing of punitive damages, not the character of the wrongdoer, unless that personal character is material and relevant to the manner in which the tortious act was committed. Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So.2d 924 (1964). It follows that acts of the wrongdoer occurring after the liability creating event are normally not material on the issue of punitive damages unless such acts constitute evidence as to either the manner in which the liability-creating event occurred or to the aggravation of the victim's injuries.

As is stated in 156 A.L.R. 1115, Automobile Accident-Conduct After:

"With respect to punitive or exemplary damages issue . . . there is . . . authority to the general effect that a motorist's conduct occurring immediately or closely after the happening of an automobile accident in which he was involved may be relevant as tending to show his state of mind at the time of accident and thereby to indicate, in conjunction with the other circumstances of the case, that in operating the automobile at the time of the infliction of the actual injury, he was imbued with such malice, or willingness to inflict injury, or disregard of consequences, as meets the rule in the particular jurisdiction warranting imposition of punitive damages." 156 A.L.R. at 1117–1118.

■ The annotator's conclusions as to the materiality of after-occurring conduct by the tortfeasor is supported by the case law. It is generally held that evidence of the failure of an operator of the vehicle to

**270**

stop and render aid after the accident, in connection with other evidence, may be considered by the jury in assessing punitive damages. Hallman v. Cushman, 196 S.C. 402, 13 S.E.2d 498 (1941); Battle v. Kilcrease, 54 Ga.App. 808, 189 S.E. 573 (1936); Pelican Trucking Co. v. Rossetti, *supra.*

 Moreover, under certain circumstances, statements made by the tortfeasor following the accident showing malice or hostility, may be admissible on the issue of punitive damages. Martin v. Garlock, 82 Kan. 266, 108 P. 92 (1910); 1 Wigmore, Evidence § 396.

 However, in those cases allowing the after-occurring conduct to be admitted on the issue of punitive damages, the conduct has a reasonable relationship either to the state of mind of the tortfeasor at the time of the event itself or to the injured parties' actual damages. Therefore, after-occurring conduct not related to these matters, such as failing to file an accident report, is inadmissible on the issue of punitive damages. *See* Maher v. Colilli, 274 App.Div. 832, 80 N.Y.S.2d 467 (1948).

 Applying this test to the after-occurring conduct present here—alleged misstatements to the investigating officer—such statements bear no relationship to the state of mind of the defendant at the time that the accident occurred, nor do they enhance or aggravate the deceased's actual damages. These statements are exculpatory in nature and if untrue, may very well be admissible on the issue of defendant's credibility, but are not of the character of "aggravating circumstances attending the wrongful act" which could be considered in and of themselves as elements of punitive damages. Thus, counsel's argument was improper and furnishes a proper basis for granting the new trial. *See* Boone v. Henry, 151 S.W.2d 323 (Tex.Civ.App.1941); Chamberlain v. Palmer Lumber, Inc., 104 N.H. 221, 183 A.2d 906 (1962).

The plaintiff argues that assuming such an argument was improper, there was sufficient evidence of excessive speed and Crisler being on the wrong side of the road to justify a jury awarding punitive damages and, therefore, such an argument was harmless error. This is a close question, as are most questions dealing with why a particular jury finds a verdict in a particular way or for a particular amount. For this reason, deference is usually accorded the judgment of the trial judge who was present in the courtroom and is certainly in a better position to assess, if assessment is possible, the effect of such an improper and furnishes a proper basis for appellate court. Having found that a valid legal reason existed for the granting of a new trial, we will allow the trial court's determination that such error was not harmless to stand.

The order of the trial court granting a new trial is affirmed.

HAIRE, P. J., and EUBANK, J., concur.