715 P.2d 306

**Gerd EHMKE; Gerd Ehmke as Guardian ad Litem for Siegfried Ehmke, a minor, and Gerd Ehmke as Guardian ad Litem for Wolfgang Ehmke, a minor, Plaintiffs/Appellants, Cross Appellees,**

v.

**Stephen Wayne HICKS and Jane Doe Hicks, his wife, Defendants/Appellees, Cross Appellants.**

**No. 2 CA–CIV 5489.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 4, 1985.

Rehearing Denied Jan. 7, 1986.

Review Denied Feb. 25, 1986.

Wolfe & Harris, P.A. by Irwin Harris, Phoenix, for plaintiffs/appellants, cross appellees.

Black, Robertshaw & Copple, P.C. by Richard A. Black, Phoenix, for defendants/appellees, cross appellants.

## OPINION

HATHAWAY, Presiding Judge.

The sole issue presented by this appeal is whether the trial court erred in granting defendants'/appellees' motion in limine to preclude evidence of appellees' post-collision behavior. Appellees have cross-appealed, claiming reversible error by the trial court in the award of the additur.

The undisputed facts follow: On October 20, 1982, Gerd Ehmke and his minor children, Siegfried and Wolfgang, were involved in a head-on automobile collision with Stephen Hicks. Hicks suffered head wounds from striking the windshield but was able to get out of the car and carry on an allegedly abusive diatribe with the Ehmkes, none of which he remembers. The Ehmkes each suffered injuries but were able to seek police and medical assistance. A blood alcohol test taken over three hours later revealed that Hicks had a blood alcohol level of .14%. Testimony of a toxicologist indicated that at the time of the accident, the blood alcohol level was at least .19%.

The Ehmkes filed a tort motor vehicle complaint in Maricopa County Superior Court against Hicks, alleging gross negligence by virtue of intoxication. At the beginning of trial, Hicks filed a motion in limine as to his post-accident conduct, which motion was argued and subsequently granted by the court. The jury awarded Gerd Ehmke $4,000, Siegfried $8,000 and Wolfgang $9,000. No award of punitive damages was made by the jury. The Ehmkes subsequently filed and argued a motion for new trial or additur, which was granted in the sum of $3,000 each for the minor children. The Ehmkes appeal from the granting of the motion in limine.

The motion in limine filed by the appellees at the beginning of trial was to preclude evidence of Hicks' post-accident conduct. Hicks had stipulated prior to trial to liability and to the grossly negligent operation of an automobile. The only issue before the jury was the amount of damages, compensatory and/or punitive. The Ehmkes contend that, as a result of the trial court's order, they were not allowed to present to the jury the state of mind and actions of Hicks prior to, during and after the accident, all of which, they argue, were pertinent to the jury's decision regarding punitive and general damages. Both parties rely on *Forquer v. Pinal County*, 22 Ariz.App. 266, 526 P.2d 1064 (1974).

Ehmkes claim that Hicks' admission of gross negligence should not preclude any testimony regarding his state of mind or his conduct after the accident, adverting to *Forquer* where the court held that statements made by a tortfeasor after an accident which show malice or hostility are admissible on the issue of punitive damages. Hicks counters that, under the reasoning in *Forquer*, the elements of conduct to be considered in awarding punitive damages are only those "attending" the wrongful act, the focus being upon the act itself and not the actor. We note that in the instant case the act consisted of the grossly negligent operation of a motor vehicle while under the influence of alcohol.

Counsel for the Ehmkes contended in opposition to the motion in limine that the jury needed to interpret Hicks' state of mind when he committed the act and that the after-occurring conduct tended to reveal his state of mind and bore on the issue of punitive damages. Ehmkes' counsel pointed out that the immediate post-accident conduct disclosed an attitude of one who "voluntarily drank to extreme excess, who voluntarily got behind the wheel of a car ... came around a blind curve at a speed too fast, lost control of his vehicle and collided with ...." plaintiffs. He further argued that the conduct in question occurred within the first five to 15 minutes after the collision and that it disclosed an

**452**

"I don't give a damn" attitude which continued immediately after the collision. Ehmkes' counsel stated that the evidence would show that

> "immediately after the collision, Defendant Hicks confronted Plaintiff and his minor children and used threatening, argumentative and abusive language. Further, Plaintiff's contend that Defendant, after this initial confrontation, returned to his automobile in an attempt to secure his rifle, having threatened Plaintiff that he would settle the matter right there and then. In addition, the evidence will show that Defendant, upon observing the minor child, Wolfgang Ehmke, said words to the effect, 'Come here, little girl, and let me put your head back on.' Finally, the evidence will show that the Defendant continued his abusive, threatening and combative language and even denied that he was the driver of the other vehicle."

We find that the motion in limine precluded post-collision evidence which the fact-finder may have found to bear on Hicks' attitude at the time of driving and the question of punitive damages. This evidence of the flavor of his attitude should not have been kept from the jury. See *Forquer, supra.*

The cross-appeal questions the trial court's granting of an additur. The jury returned verdicts of $8,000 and $9,000 for the children, Siegfried and Wolfgang, respectively. The court granted additur of $3,000 to each of the children. The question of additur is left to the greatest possible discretion of the trial court, and its decision will not be disturbed on appeal absent a clear abuse of that discretion. We find no abuse of that discretion here and will not overturn the court's action. *Bond v. Cartwright Little League, Inc.,* 112 Ariz. 9, 536 P.2d 697 (1975); *Creamer v. Troiano,* 108 Ariz. 573, 503 P.2d 794 (1972); *Kavanaugh v. Kavanaugh,* 131 Ariz. 344, 641 P.2d 258 (App 1981).

The judgment for appellants for damages and the additur are affirmed. The judgment is reversed with regard to the

motion in limine. The cause is remanded for new trial solely on the issue of punitive damages. Appellants will be permitted to present evidence of the appellee's post-collision conduct as well as evidence concerning his pre-collision activities and the extent of injuries to appellants.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

LACAGNINA and LIVERMORE, JJ., concur.